OPINION OF THE COURT
BECKER, Circuit Judge.
These consolidated appeals present a question of the proper allocation of pleading burdens in a chapter 13 bankruptcy proceeding. Specifically, we must determine whether, in a dispute over the avoidanee of a judicial lien pursuant to 11 U.S.C. § 522(f),[1] the debtor or the lien creditor must file and serve a complaint (or motion) or else suffer an automatic adverse determination. The question arises as the result of an attempt by appellees, who are public welfare recipients and Chapter 13 petitioners, to avoid the judicial liens created by cognovit notes that they signed as a precondition to receiving public assistance.
The bankruptcy court believed that it had authority, pursuant to 11 U.S.C. § 1322(b)(10),[2] to authorize the debtor to avoid all section 522(f) liens simply by listing those liens in the Chapter 13 plan itself. We disagree and hold that where a debtor seeks to avoid a judicial lien pursuant to 11 U.S.C. § 522(f), the adversary proceedings rules adopted by the Bankruptcy Code apply, and that the debtor thus bears the burden of filing a complaint with the bankruptcy court and serving a copy of it on each creditor whose lien the debtor seeks to avoid. This procedure was not followed in this case. We therefore reverse and remand for further proceedings.
I.
These consolidated appeals by DPW are from decisions by the bankruptcy court, affirmed by the district court, approving the Chapter 13 plans of debtors Michael and Eileen McKay (No. 83-1184) and Arthur Graham (No. 83-1209). In both eases, the debtors filed a petition and a plan under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq., containing a provision stating: “Debtor avoids liens avoidable under 11 U.S.C. 522(f).” And in both cases, the bankruptcy court sent a computerized notice of the bankruptcy proceedings, prepared by appellees’ counsel, to all the credi *46 tors listed in the debtor’s petition, including the appellant, Commonwealth of Pennsylvania, Department of Public Welfare (DPW). The notice contained the name and address of the debtor and his attorney, the amount of secured and unsecured debts, the time and place of the creditors’ hearing and the plan confirmation hearing, the amount of proposed monthly payments to the trustee, and the following statement:
A debtor may provide in a plan for the avoidance of certain liens under Sec. 522-F which impair an exemption to which the debtor otherwise might have been entitled if the lien is a judicial lien or is a nonpossessory, nonpurchase money security interest in household furnishings and other types of personal property. Any objections to the avoiding of the aforementioned liens, to confirmation of debtor’s plan or debtor’s claim of exempt property shall be made pursuant to Rule 914 of the rules of bankruptcy procedure. All objections shall be filed with the Clerk, U.S. Bankruptcy Court, at the address shown below no later than 10 days before the confirmation hearing, and such objections shall be served on both the debtor and debtor’s attorney whose names and addresses appear on this notice no later than 5 days before the confirmation hearing. The debtor’s plan provides for the avoidance of liens under Sec. 522-F.
The notice, which DPW received, did not state that DPW held a lien against the debtor’s property, nor did it state explicitly that the debtor sought to avoid DPW’s lien. More importantly for purposes of this appeal, the notice stated that all avoidable section 522(f) liens will be avoided unless the holder of the lien files an objection pursuant to Fed.R.Bankr.P. 914 prior to approval of the Chapter 13 plan by the bankruptcy court. The notice thus burdens the creditor with the duty of pleading that its specific lien should not be avoided; under these terms of the notice, if the creditor does not file such an objection, his lien will be avoided.
DPW filed an objection to the debtor’s form notice, making a three-step objection to its validity. First, it argued that avoidance of a lien pursuant to section 522(f) is a proceeding to “determine the validity, priority, or extent of a lien or other interest in property.” Second, it argued that under Fed.R.Bankr.P. 701(2), this fact renders section 522(f) lien avoidance subject to the adversary proceedings rules for bankruptcy cases (i.e., Fed.R.Bankr.P. 701-782). And third, it argued that the adversary proceedings rules require that the debtor file a complaint with the bankruptcy court and serve that complaint on every creditor whose lien the debtor seeks to avoid.[3] Thus, according to the DPW, the law places the burden of pleading on the debtor.[4]
*47 In both cases, the bankruptcy court rejected the DPW’s argument and concluded that 11 U.S.C. § 1322(b)(10) authorized the debtor to provide for avoidance of judicial liens in the Chapter 13 plan itself. Consequently, the court concluded that the burden was on DPW under Fed.R.Bankr.P. 914 to file an objection to the debtor’s Chapter 13 plan. Since DPW never filed such an objection, the bankruptcy court approved the plan, and thereby avoided DPW’s lien.[5] Two district judges of the Eastern District of Pennsylvania affirmed without opinion.
II.
The answer to the question whether the bankruptcy and district courts erred in placing the burden of pleading on the DPW turns on the inter-relationship among three sections of the Bankruptcy Reform Act of 1978: section 522(f) authorizing certain forms of lien avoidance, section 405(d) setting forth the procedural rules applicable in bankruptcy cases, and section 1322(b)(10) setting forth the permissible scope of reorganization plans under chapter 13 of the Bankruptcy Code.
Section 522(f) of the Bankruptcy Code provides that the debtor may “avoid” a judicial lien to the extent that such lien “impairs an exemption to which the debtor would have been entitled under subsection (b).”[6] Section 522(f) does not, however, set out the procedure for avoiding such liens. Section 405(d) of the Bankruptcy Reform Act of 1978 is the general statutory provision setting out what procedural rules control in proceedings conducted pursuant to the code. Section 405(d) provides that the “rules prescribed under section 2075 of Title 28 of the United States Code and in effect on September 30, 1979, [i.e., the Federal Rules of Bankruptcy Procedure] shall apply to cases” under the code to the extent those rules are “not inconsistent with ... this Act.”[7]
One of the bankruptcy rules in effect on September 30, 1979, and still in effect at the time of this litigation, was Rule 701.[8] It stated that any proceeding to “determine the validity, priority, or extent of a lien” is subject to the bankruptcy court’s adversary proceedings rules, Fed.R.Bankr.P. 701-782.[9] Since section 522(f) plainly involves *48 “the validity, priority, or extent of a lien,” any procedure conducted pursuant to section 522(f) would thus appear to be subject to the bankruptcy court’s adversary proceedings rules so long as those rules are “not inconsistent” with the code.
The bankruptcy court and district courts believed that 11 U.S.C. § 1322(b)(10), which provides that a chapter 13 plan may “include any other appropriate provision not inconsistent with this title” authorized avoidance of a judicial lien without an adversary proceeding, and that, therefore, Rule 701 was inconsistent with the Bankruptcy Code. We disagree. Congress did not intend in section 1322(b)(10) to give the bankruptcy court carte blanche to establish procedures it deems fair without regard to other provisions of the Code. Although it is true that section 405(d) of the Bankruptcy Code does permit its general directive to be overridden by specific laws to the contrary, we do not believe that a substantive catch-all provision such as section 1322(b)(10) contains the requisite specificity or force to suggest that Congress intended it to override the procedural rules adopted by section 405(d).
The debtors’ remaining argument is that inclusion of a provision in a Chapter 13 plan providing for the avoidance of section 522(f) liens is not a “proceeding” and therefore the adversary proceedings rules by their terms do not apply. Again, we disagree. The phrase “any proceeding instituted by a party before a bankruptcy judge” in Fed.R.Bankr.P. 701, is not intended as a limit on application of the adversary proceedings rules. A quick review of the language of rule 701 and its accompanying advisory note plainly indicates that the drafter’s intent was to require use of the adversary proceedings rules whenever certain forms of property (e.g., judicial liens) were affected in certain ways (e.g., by avoidance pursuant to section 522(f)). We conclude that the drafters of the rules intended all forms of lien avoidance pursuant to section 522(f) to be subject to the adversary proceeding rules.
III.
In sum, we hold that in a proceeding brought under the former bankruptcy rules to avoid a judicial lien (pursuant to 11 U.S.C. § 522(f)) created by a cognovit note signed by a Chapter 13 petitioner as a pre-condition to receiving public assistance, the adversary rules, Fed.R.Bankr.P. 701-782, shall apply, and, therefore, the debtor has the burden of filing a complaint seeking lien avoidance with the bankruptcy court and serving a copy of it on each creditor whose lien the debtor seeks to avoid.[10] The bankruptcy court therefore erred in authorizing the inclusion of a provision avoiding section 522(f) liens in the debtors’ Chapter 13 plans. We will therefore reverse and remand for further proceedings consistent with this opinion.[11]

. Under section 522(f) the debtor may avoid certain types of liens to the extent that such liens impair an exemption to which the debtor would otherwise be entitled under section 522(b). Section 522(f) reads in pertinent part:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; ____

. Section 1322(b)(10) provides:
(b) Subject to subsections (a) and (c) of this section, the plan may—
(10) include any other appropriate provision not inconsistent with this title.

. In terms of substance there is no difference between the adversary proceedings rules and rule 914. The only difference is the practical one of which party must plead and serve notice. However, according to counsel for DPW, where the creditor is a large institutional lender like DPW, that practical difference translates into a substantial economic difference. See infra note 4.

. DPW also argues that, even if a debtor can, consistent with the Bankruptcy Code and rules, provide for avoidance of section 522(f) liens in the chapter 13 plan itself, the computerized notice that DPW received did not satisfy the adequate notice requirement of the fourteenth amendment due process clause. DPW has stressed this argument because of its huge caseload, and the consequent costs of devoting scarce paralegal and legal resources in determining whether to contest lien avoidance in the absence of a detailed notice from the debtor. DPW suggests that adequate notice should, at a minimum, include such particulars as the nature and location of the property (typically realty) that is the subject of the lien, the amount of the lien, and a clear statement that avoidance of that lien is sought. Given our holding that the Bankruptcy Code requires an adversary proceeding initiated by the debtor prior to the avoidance of a lien pursuant to section 522(f), we need not reach DPW’s constitutional contention. However, we do note that the Ninth Circuit recently considered this very question and held that, while the Chapter 13 notice itself did not contain much information — the notice in that case was substantially identical to the notices DPW received in the present cases — it did contain sufficient information to put the creditor on notice that its rights might be affected and also contained sufficient details to lead the creditor to the information he required. The *47 Court held that this "inquiry notice," while not unambiguous, was constitutionally adequate. In re Gregory, 705 F.2d 1118, 1123 (9th Cir.1983).

. Actually it is not entirely clear how or why DPW's liens are avoided merely because the debtor’s Chapter 13 plan says so. Section 522(f) authorizes the court to permit the debtor to avoid certain enumerated types of liens where the lien in question impairs an exemption to which the debtor is otherwise entitled under section 522(b). See supra note 1. In their Chapter 13 plans the debtors allege that DPW’s liens against them are judicial liens against their residences and that the debtors have less than $7,500 in equity in their residences. If this assertion is true, then the debtors would be entitled to avoid DPW’s liens. However, the bankruptcy court conducted no hearings and made no express findings on these points. Presumably the court concluded that the debtors’ allegations were true because DPW failed to object to them. In any event the bankruptcy court clearly intended its approval of the debtors’ Chapter 13 plans to include the avoidance of DPW’s liens.

. See supra note 1.

. Section 405(d) of the Bankruptcy Code provides:
The rules prescribed under section 2075 of Title 28 of the United States Code and in effect on September 30, 1979, [i.e., the Federal Rules of Bankruptcy Procedure] shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective under such section, as amended by section 248 of this Act.
Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, Title IV § 405(d), 92 Stat. 2549, 2685 (1978).

. On August 1, 1983, the new bankruptcy rules became effective. Both appeals to this court were filed prior to that date. New rule 4003(d) provides "[a] proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.” New rule 9014 is essentially equivalent to old rule 914. The effect of rule 4003(d) is to place the burden of making a motion and sending notice on the debtor.

. Fed.R.Bankr.P. 701 provides in pertinent part:
The rules of this Part VII govern any proceeding instituted by a party before a bank *48 ruptcy judge to ... (2) determine the validity, priority, or extent of a lien or other interest in property,____
See also Fed.R.Bankr.P. 13-701 which tracks Fed.R.Bankr.P. 701 and expressly makes the adversary proceedings rules applicable in Chapter 13 cases.

. The complaint must be sufficiently specific to satisfy the pleading requirements of Fed.R. Bankr.P. 708. The computerized notice that the bankruptcy court sent in this case did not satisfy the requirements of rule 708 because, inter alia, it did not state that DPW held a lien against the debtor, the amount, date, or any other specifics concerning the lien, or that the debtor sought to avoid DPW's lien.

. In their briefs to this court, debtors spend a large portion of their allotted space arguing that DPW cannot now claim that it holds liens against the debtors because DPW failed to object to the avoidance of its liens before the bankruptcy court. Seven of eight arguments in the McKay brief and three of four arguments in the Graham brief focus exclusively on this contention. Given our holding that section 522(f) liens cannot be avoided unless and until the debtor complies with the adversary proceedings rules, Fed.R.Bankr.P. 701-782, — including filing a complaint and serving a copy of it on each creditor whose lien the debtor seeks to avoid'— these arguments of the debtor are irrelevant. Obviously where a party objects before the bankruptcy court that a procedure is improper and loses, that party has standing to raise the same objection on appeal.