### In re CAMDENTON UNITED SUPER, INC., Debtor.

**Bankruptcy No. 91–20795–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

May 29, 1992.

---

Jerry W. Venters, Jefferson City, Mo., for First Nat. Bank.

Fred Dannov, Columbia, Mo., for Trustee.

Jack E. Brown, Trustee.

John C. Reed, Jefferson City, Mo., for debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case comes before the Court on Trustee's motion for turnover of estate property under § 543 of the bankruptcy code. Trustee is requesting turnover of $43,237.27 which is currently being held by First National Bank of Camdenton.

### FACTS

On September 6, 1991, creditors filed an involuntary petition against Debtor Camdenton United Super, Incorporated. The order for relief was made on January 27, 1992. On November 26, 1990, prior to the filing of the involuntary petition and order for relief, Debtor entered into an agreement with Hawk N' Riff Corporation (Buyer) to purchase Debtor's assets. Buyer took possession of the store on February 4, 1991 and a closing of the purchase was scheduled for February 15, 1991. Floyd and Janice Hurt are the primary shareholders and Mr. Hurt is Vice President of the debtor corporation. Prior to closing of the asset sale, Mr. Hurt was reminded that Buyer would not close the sale until all sales taxes due the Missouri Department of Revenue had been paid. Debtor lacked the liquid assets to pay that tax liability, and was unable to secure a loan from First National Bank of Camdenton for the amount needed to pay the taxes. But the bank did advise the Hurts that it would be willing to make a personal loan to them in the amount necessary to pay the tax liability. The Hurts executed promissory notes to the bank in the amounts of $28,747.28 and $14,528.00. With the proceeds of those loans, the Hurts paid $43,271.82 to Missouri Department of Revenue, on behalf of Debtor, to cover the tax liability. The notes were executed on January 31, 1991 and February 7, 1991. On January 30, 1991, Debtor's board of directors met and authorized the corporation to borrow funds from Floyd and Janice Hurt for the payment of the sales taxes to the state. The Hurts expected to be repaid at closing, but a dispute arose as to whether or not sales

proceeds should be paid to the Hurts to repay their loan to the corporation. In order to settle that dispute and effect the closing, the parties entered into a verbal escrow agreement under which First National Bank of Camdenton would act as escrow agent and hold $43,237.27 of the sale proceeds for the Hurts and use that amount to pay off the Hurts' indebtedness on the notes in six months unless a claim were made to those funds with a higher priority than the state's sales tax claim. A written escrow agreement was to be executed at a later time, but no written agreement was ever fully executed because the sellers' attorney and the buyer's attorney could not agree on the wording to be used therein.

## DISCUSSION

Trustee is requesting turnover of the $43,237.27 held by the bank under § 543 which provides that a custodian must:

> deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case.

11 U.S.C. § 543(b) (1988). In order to apply this section, it is necessary to refer to the definition of custodian in the definition section. Custodian is defined as:

> (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;
>
> (B) assignee under a general assignment for the benefit of the debtor's creditors; or
>
> (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.

11 U.S.C. § 101(11) (Supp. II 1990). Further insight can be gained from the legislative history to the definition of custodian in § 101:

> There is no similar definition in current law. It is defined to facilitate drafting, and means prepetition liquidator of the debtor's property, such as an assignee for the benefit of creditors, a receiver of the debtor's property, or a liquidator or administrator of the debtor's property. The definition of custodian to include a receiver or trustee is descriptive, and not meant to be limited to court officers with those titles. The definition is intended to include other officers of the court if their functions are substantially similar to those of a receiver or trustee.

H.Rep. No. 595, 95th Cong., 1st Sess. 310 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6267.

The above quoted statutory language and legislative history convinces this Court that First National Bank of Camdenton is not a custodian of Debtor's property as that term is used in the code, and that an order under § 543 to turnover the money being held in escrow to Trustee would be inappropriate.

The statutory language plainly excludes the bank from being considered a custodian under § 101(11)(A) or (B) because the bank is not acting either under court appointment or under an assignment for the benefit of creditors. An argument might be made to the effect that the bank does fall under the language of § 101(11)(C) as an "agent ... under a contract, that is ... authorized to take charge of property of the debtor ... for the purpose of general administration of such property for the benefit of the debtor's creditors." 11 U.S.C. § 101(11)(C) (Supp. II 1990). However, the facts belie any such argument.

The language of all three subsections require that, to be considered a custodian, an entity must be engaged in the general administration of the debtor's assets for the benefit of creditors. *Cash Currency Exchange v. Shine (In re Cash Currency Exchange)*, 762 F.2d 542, 553 (7th Cir.1985); *In re Gold Leaf Corp.*, 73 B.R. 146, 148 (Bankr.N.D.Fla.1987). That is simply not the case here. The escrow

agreement came about to resolve a dispute that arose at the time of closing the sale of Debtor's assets. Debtor agreed that $43,-237.27 of the proceeds from the sale would be placed in escrow for six months. At the end of the six month period that sum would be used to pay the Hurts' indebtedness to the bank on the sales tax loan unless a claim was made against that money by a party having rights equal to or higher in priority than payment of sales taxes. An escrow agreement which allows such a narrow possibility for a small or non-existent class of creditors to reach the escrow funds is far from the general administration of a debtor's assets for the benefit of creditors.

Because First National Bank of Camden-ton is not a custodian of funds as that term is used in the Code, Trustee's motion under § 543 must be denied. The Court need not address and expresses no opinion on the subject of who is entitled to the money in question.

Trustee also argues that it would be inequitable for the escrow funds to be applied to repay the Hurts' indebtedness to the bank because a substantial number of creditors were left off of the bulk sales affidavit filed in connection with the sale of Debtor's assets. In addition, Trustee suggests that to allow the funds to be applied to the Hurts' indebtedness would constitute a fraudulent conveyance of Debtor's corporate assets under § 548. The Court will address neither of these suggestions. If Trustee wishes to properly place either of these propositions before the Court, it will be necessary to file an adversary action. Fed.R.Bankr.P. 7001; *Brady v. Andrew (In re Commercial Western Finance Corp.)*, 761 F.2d 1329, 1337–38 (9th Cir. 1985); *In re Indri*, 126 B.R. 443, 444 (D.N.J.1991).

## CONCLUSION

In accordance with the above discussion, Trustee's motion for turnover of property is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.