In re Paul Edward **DRONSFIELD** and Rosalyn Timblin Dronsfield, Debtors.

Paul Edward Dronsfield and Rosalyn Timblin Dronsfield, Plaintiffs

v.

Thomas J. McGarrity and Susan J. McGarrity, Defendants.

Bankruptcy No. 1:97–bk–00903MDF. Adversary No. 1:09–ap–00435.

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 14, 2010.

Dorothy L. Mott, Harrisburg, PA, for Plaintiffs.

Markian R. Slobodian, Harrisburg, PA, for Defendants.

## OPINION

MARY D. FRANCE, Chief Judge.

Before me are cross motions for summary judgment on the adversary complaint filed by Paul and Rosalyn Dronsfield ("Debtors") against Thomas and Susan McGarrity ("McGarritys") requesting a declaratory judgment that a lien held by the McGarritys prior to the filing of the Debtors' Chapter 13 petition was avoided by the discharge granted in that case. For the reasons discussed below, I will grant summary judgment in favor of the McGarritys.

### I. Procedural and Factual History

The McGarritys obtained a state court judgment in the amount of $40,000 against Debtors in May 1996. Under state law, the recording of the judgment created a lien against Debtors' real estate. Debtors filed a Chapter 13 petition in March 1997 and provided the McGarritys with notice of the commencement of the bankruptcy case and the filing of their Chapter 13 Plan (the "Plan"). Their schedules listed a residence in Hershey, Pennsylvania valued at $121,000 with two mortgage liens totaling $96,300, three judgment liens totaling $72,000 and a municipal lien of $250. Debtors claimed an exemption in the real estate of $24,700, which was the available amount authorized under § 522(d)(1) after the accrued balances on the mortgage debt were deducted from the estimated fair market value of the property.[1] The first page of the Plan consisted of a "Plan Summary,"[2] which included the following statement:

> Secured claims: Class G: Judgment Creditors: Judgements [sic] will be avoided; balance treated as unsecured.

---

1. In 1997, the available exemption for residential real estate was $15,000 per individual, or a total of $30,000.00 for a joint petition. 11 U.S.C. § 522(d)(1) (1997).

2. Ordinarily, a chapter 13 plan and its summary function as separate documents. The summary is not a substantive part of the plan, but is used only to provide notice to creditors that their rights may be affected by the provisions of the plan summarized therein, and that they should read the plan itself to decide how to respond. In this case, Debtors' assume that the Summary is incorporated into the Plan. The McGarritys do not assert that such incorporation is improper, and so I will treat the Summary and Plan as a unified document for purposes of this case.

Aside from this provision, the Plan included no other reference to "Class G," no information identifying the McGarritys as judgment creditors and no description of the collateral subject to the judgment lien. Defendant Thomas McGarrity attended the meeting of creditors and questioned Debtors. The McGarritys timely filed a proof of claim in the amount of $42,400 on July 21, 1997, claiming secured status.

On May 13, 1997, acting *pro se,* Thomas McGarrity filed an objection to the Plan asserting that Debtors had undervalued their residence on the schedules. Debtors answered the objection and denied that the residence was undervalued. On June 16, 1997, Judge Robert J. Woodside heard argument on the objection at an in-chambers conference at which Thomas McGarrity appeared. The conference was not recorded stenographically or otherwise. The Court's "Proceeding Memo" reflected that the conference was held, that both parties appeared and that they were to notify the Court if a further hearing was necessary. No indication was given that the objection was resolved at the conference.

The Chapter 13 Trustee also filed an objection to confirmation of Debtors' Plan claiming that Debtors had non-exempt equity in their residence. The docket in Debtors' case indicates that the Court scheduled a hearing on the Trustee's objection for November 13, 1997. However, there is no Proceeding Memo docketed indicating that a hearing was held. Nonetheless, Debtors aver that a hearing was convened and that Thomas McGarrity appeared *pro se* arguing that the value of Debtors' residence was greater than as reported in the schedules. Debtors further aver that the Trustee obtained an appraisal of the residence dated July 9, 1997, which set the value of the home at $140,000. Debtors allege that, in compliance with the court's instructions, their

counsel mailed a copy of the Trustee's appraisal to the McGarritys with a letter dated December 16, 1997. The McGarritys admit that they received this letter and that it asked them to withdraw their objections to the Plan within ten days or Debtors would request the Court to schedule a hearing. On November 21, 1997, the Chapter 13 Trustee withdrew his objection to confirmation. The McGarritys neither withdrew their objection, nor requested a hearing. Debtors also did not request a hearing. For reasons not apparent from the record, an order was entered overruling the McGarritys' objection on March 27, 1998. The Plan was confirmed, and Debtors were discharged on February 26, 2001.

Debtors aver that in the nine years since their discharge they have refinanced the mortgage on their home four times. In 2009, they again sought refinancing. In the tighter lending environment following the 2008 financial downturn, the title insurer required Debtors to produce an order that avoided specific liens against the property. In September 2009, Debtors reopened their bankruptcy case and filed a motion to avoid the McGarritys' lien. On October 20, 2009, the McGarritys filed an answer to the motion, raising the defense of laches and the statute of limitations.

On November 23, 2009, I heard argument on the lien avoidance motion at a hearing that was continued to January 7, 2010. On November 24, 2009, Debtors' counsel requested a telephone conference on the specific issue of whether the motion to avoid the lien was unnecessary because the McGarritys' judgment had been avoided at confirmation. A telephone conference was held on December 1, 2009 after which Debtors were granted leave to file a complaint for a declaratory judgment.

On December 14, 2009, Debtors filed the requisite complaint, which the McGarritys answered on January 14, 2010. On Febru-

ary 8, 2010, Debtors filed a motion for summary judgment. On March 15, 2010, the McGarritys filed a cross motion for summary judgment. These motions have been briefed and are ready for decision.[3]

## II. Discussion

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, made applicable to an adversary case in bankruptcy through Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that an order granting summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits" show (1) that there is no genuine issue as to any material fact and (2) that the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a)(2). Courts allocate the burden of proving these two element in the following manner. The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present legal argument or evidence to show that there is a genuine issue for trial. *Id.* 477 U.S. at 324, 106 S.Ct. 2548. All justifiable inferences from the evidence are to be drawn in favor of the non-moving party. *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). The burdens of proof do not change in cases where a court is considering cross-motions for summary judgment. *Peters Twp. Sch. Dist. v. Hartford Accident & Indem. Co.*, 833 F.2d 32, 34 (3d Cir.1987). On cross-motions for summary judgment, the court must construe the motions independently, viewing the evidence presented by each moving party in the light most favorable to the nonmovant. *Pichler v. UNITE*, 542 F.3d 380, 386 (3d Cir.2008).

The parties before me focus on the factual issue of whether or not the McGarritys received adequate notice that Debtors intended to avoid their judgment lien through confirmation of the Plan. The issue of notice is intertwined with the question of whether the Plan's treatment of the McGarritys' judgment lien is so ambiguous as to render the Order confirming the Plan ineffective to avoid the lien.

### B. Procedures for lien avoidances under 11 U.S.C. § 522(f)

Rule 4003(d), 7001(2), and 9014 of the Federal Rules of Bankruptcy Procedure describe the procedures for avoiding a lien under § 522(f). In 1997, the year in which the instant bankruptcy petition was filed, Rule 7001(2) stated that "a proceeding to determine the validity, priority, or extent of a lien ... other than a proceeding under Rule 4003(d)" was to be filed as an adversary proceeding. *Ontra, Inc. v. Wolfe*, 192 B.R. 679, 682 (W.D.Va.1996) (quoting Fed. R. Bankr.P. 7001(2)). In turn, Rule 4003(d) provided that " '[a] proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.' " *Ontra, Inc.*, 192 B.R. at 682 (quoting Fed. R. Bankr.P. 4003(d)). Finally, Rule 9014 stated:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule

---

**3.** I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rules shall apply, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071.

*Ontra, Inc.*, 192 B.R. at 684 (quoting Fed. R. Bankr.P. 9014(a)). Although the Rules clearly provide that a lien may be avoided under § 522(f) through the filing of a motion, there is no specific provision in § 1322 authorizing lien avoidance through the plan confirmation process.[4]

Similar considerations arise in the context of valuing collateral. Collateral is valued under § 506(a) through a motion filed under Rule 3012. Many courts have held that a debtor may value collateral through the plan confirmation process without filing a separate motion. *In re Bennett*, 312 B.R. 843 (Bankr.W.D.Ky. 2004); *In re King*, 290 B.R. 641 (Bankr. C.D.Ill.2003); *In re Dickey*, 293 B.R. 360 (Bankr.M.D.Pa.2003); *In re Hudson*, 260 B.R. 421 (Bankr.W.D.Mich.2001); *In re Wolf*, 162 B.R. 98 (Bankr.D.N.J.1993). In *In re Mansaray–Ruffin*, 530 F.3d 230 (3d Cir.2008), the Court of Appeals for the Third Circuit distinguished stripping a lien under § 506(a) from challenging the validity of a lien, which requires an adversary

proceeding. *Id.* 530 F.3d at 235. The Court of Appeals acknowledged that numerous bankruptcy courts have permitted debtors to value collateral under § 506(a) through plan confirmation in lieu of filing a separate motion. *Id.* (citations omitted).

Other courts have acknowledged that a motion to avoid a lien under § 522(f) may be addressed as a contested matter in the plan confirmation process. *Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.)* 293 B.R. 489, 496 (9th Cir. BAP 2003) *cited in In re Millspaugh*, 302 B.R. 90, 100 (Bankr.D.Idaho 2003)(observing that unlike Chapter 11 plan confirmation, a Chapter 13 confirmation may include several "related motions," including lien avoidance under § 522(f)); *In re Stansbury*, 403 B.R. 741, 746 (Bankr.M.D.Fla. 2009) (finding that matters that do not require an adversary proceeding may be resolved in the context of plan confirmation); *In re Meeks*, 349 B.R. 19, 20 (Bankr. E.D.Cal.2006) (observing that the resolution of lien avoidance issue in conjunction with plan confirmation assists in determination of plan feasibility); *In re Anthony*, 2001 WL 35814435, *6 (Bankr.D.Idaho) (noting that use of the model plan makes it "exceedingly easy" for debtors to avoid liens under § 522(f) through plan confirmation without filing a separate motion).[5]

---

4. *See* 1 Keith M. Lundin, Chapter 13 Bankruptcy § 50.2, at 50–3 (3d ed. 2000 & 2004 Supp.) ("If lien avoidance is clearly spelled out in the plan and notice to the lienholder is adequate, a good argument can be made that lien avoidance though confirmation is binding on the lienholder that fails to object.") In a 1984 case, *In re McKay*, 732 F.2d 44 (3d Cir.1984), the Court of Appeals for the Third Circuit held that "where a debtor seeks to avoid a judicial lien pursuant to 11 U.S.C. § 522(f) ..., the debtor bears the burden of filing a complaint under the adversary rules." *Id.* 732 F.2d at 45. However, the Supreme Court prescribed in Rule 4003(d), effective August 1, 1983, that proceedings to avoid

liens under § 522(f) were to be brought by motion. *See In re Dvoroznak*, 38 B.R. 178, 180 (Bankr.E.D.N.Y.1984). *See also In re Mansaray–Ruffin*, 530 F.3d 230, 236, fn. 5 (3d Cir.2008).

5. In 2002, fifty practitioners attending the annual seminar sponsored by the National Association Trustees ("NACTT") developed a "model plan," which the NACTT promoted for uniform adoption by all courts. The "model plan" includes a provision for lien avoidance under § 522(f). *See* Henry H. Hildebrand, III, *Toward a More Perfect Plan* Am. Bankr. Inst. J., Feb. 2003, at 10.

The Chapter 13 Model Plan, first adopted in this district in 2005 as Local Bankruptcy Form 3015–1, enables a debtor to avoid liens through plan confirmation. The adoption of this form reflected a common practice by debtors of avoiding liens through the confirmation process.

### C. Whether the language of Debtors' plan was sufficient to avoid the McGarritys' lien

When Debtors' Plan was filed in 1997, the Court had not yet adopted a model plan. The current Chapter 13 Model Plan, which was revised on March 12, 2009, requires a debtor to indicate at the top of the first page of the document whether the plan includes a motion to avoid liens. If a debtor indicates that a lien will be avoided, Section G must be completed, which states that the debtor is moving to avoid the liens pursuant to § 522(f). In this section the debtor must list the name of each creditor whose lien will be avoided and the collateral securing the lien. Although the Chapter 13 Model Plan assists a debtor in developing a clear description of the proposed treatment of creditors' claims, adoption of the model plan did not impose a new standard. The standards for depriving a creditor of a property interest were the same in 1997 as they are today.

As the U.S. Supreme Court has held, a "fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) *cited in Dickey*, 293 B.R. at 362–63. In the context of the valuation of collateral under § 506(a) as part of the confirmation

of a Chapter 13 plan, the information in the plan "must clearly and accurate[ly] characterize the creditor's claim and give the creditor an explanation of what the debtor proposes to do and the factual and legal basis on which his proposal is based." *Millspaugh*, 302 B.R. at 99 (citing *King*, 290 B.R. at 649–50). There is no reason to assume that the standard for avoiding a lien under § 522(f) would be lower. Even in 1997, in order to avoid a lien through confirmation of a Chapter 13 plan, Debtors were required to provide basic information in the plan identifying the creditor, the collateral subject to the lien and Debtors' intention to avoid the lien under § 522(f).

Except for the reference in the Summary to the avoidance of judgments, the Plan is silent as to the treatment of the McGarritys' lien. And even in the Summary there is no mention of the McGarritys by name. The Summary merely states that judgments will be avoided. Absent a provision in the Plan that Debtors intended to avoid the McGarritys' judgment lien secured by real estate located at 238 Areba Drive, Hershey, Pennsylvania, the Plan cannot be considered to have been reasonably calculated to apprise the McGarritys that their lien would be avoided through confirmation of Debtors' Plan. Further there is no provision in the order confirming the Plan that explicitly avoids the McGarritys' lien.

Debtors argue that the McGarritys knew that their lien could be avoided through confirmation because they filed an objection to the plan. The record does not permit me to draw this conclusion *a fortiori*. The McGarritys objected to the value assigned to the real estate in Debtors' schedule A. Whether they were aware that the objection to the value of their collateral was related to the continued viability of their lien cannot be determined on the record before me. Given the language

of the Plan, the McGarritys could have reasonably assumed that a further proceeding would be held on the avoidance issue.

To compensate for the inadequacy of the Plan language, Debtors aver that Thomas McGarrity was provided specific notice that the McGarritys' lien would be avoided if the Plan was confirmed. Even if this were the case, it was incumbent upon Debtors to insure that either the order confirming the Chapter 13 Plan specifically avoided the McGarritys' lien or a separate order avoiding the lien was entered.

### Conclusion

Neither the Order confirming the plan nor any other order on the docket effectively avoids the McGarritys' judgment lien. Accordingly, it is appropriate to deny Debtors' motion for summary judgment on its declaratory judgment action and to grant the McGarritys' cross motion for summary judgment.

An appropriate order will be entered.

### ORDER GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

Upon consideration of the Plaintiffs' Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment, it is hereby ORDERED that:

(1) Plaintiffs' Motion for Summary Judgment is DENIED;

(2) Defendants' Cross Motion for Summary Judgment is GRANTED;

(3) The Clerk's Office is directed to ENTER final judgment in favor of Defendants in the adversary proceeding and to schedule a hearing on Debtors' Motion to Avoid Lien of Respondent under Section 522(f) of the Bankruptcy Code (Docket # 54) and

Respondents' Answer thereto (Docket # 70) filed in the bankruptcy case.