**In re Alfred and Denise RUXTON, Debtors.**

**Alfred and Denise Ruxton, Plaintiffs,**

**v.**

**City of Philadelphia, Defendant.**

**Bankruptcy No. 93–16818SR.**
**Adversary No. 99–612.**

United States Bankruptcy Court,
E.D. Pennsylvania,
Philadelphia Division.

Oct. 21, 1999.

Daniel K. Astin, Office of U.S. Trustee, Philadelphia, PA.

Theresa Giannone, Pachtman Law Office, Folsom, PA.

Joseph DiGuiseppe, City of Philadelphia Law Dept., Philadelphia, PA.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

*Introduction.*

Plaintiffs/Debtors, Alfred and Denise Ruxton, have filed the above adversary proceeding to determine the dischargeability of certain real estate taxes claimed to be owed by the Defendant, City of Philadelphia, with respect to the Debtor's residence at 4051 Castor Ave., Philadelphia Pa. The City of Philadelphia has filed a Motion to Dismiss the Debtors' Complaint under F.R.C.P. 12(b)(6), asserting that it fails to state a claim upon which relief may be granted. The Debtors have filed an answer in opposition to the Motion and both sides have submitted briefs. Oral argument was heard September 20, 1999. For the reasons discussed herein, the Motion will be granted and the Complaint dismissed.

Few of the relevant facts are in dispute. The Debtors commenced their Chapter 13 case on November 2, 1993. The Bankruptcy Schedules filed by them list two debts owed to the City of Philadelphia. First, listed on Schedule E is an unsecured priority claim for 1993–1998 real estate taxes. The Debtors list the admitted amount owed as being $2,700, but the amount claimed to be owed as $5,250. The named creditor is City of Philadelphia, Legal Dept.—Enforcement—1101 Market Street, 10th Floor, Philadelphia, PA, 19107–2997. Second, Schedule F lists an unsecured non-priority claim for utility bills. This scheduled debt is for $1,069.40 and the named creditor is City of Philadelphia, Water Revenue Dept. P.O. Box 1288, Philadelphia PA 19105–1288. Below this address block there is indented a notation which seems to suggest that the City of Philadelphia Water Revenue Dept. is represented by the City of Philadelphia Law Dept.—Enforcement, at the aforedescribed address for that agency

The Debtors' original Chapter 13 plan provided for deferred payment to the City of Philadelphia, as a priority creditor, in the total amount of $2,700. The preamble to Paragraph 2.(b) of that plan recites that the holders of secured claims shall retain the liens securing such claims, and also identifies two secured creditors and the proposed plan payments thereto. The City of Philadelphia is not named in this section of the plan.

On January 26, 1994, the City of Philadelphia Law Dept.—Enforcement Division filed a Proof of Claim. In block number 1, entitled "Basis for Claim," the box bearing the pre-printed term "taxes" is checked, however, next to it have been added the typed words "municipal claims." The claim is in the filed amount of $1,030.79, of which $576.50 is scheduled as secured, and $454.29 is listed as unsecured non-priority. Attached to the claim is a schedule entitled "Itemization Pursuant to Local Rule 3001.1." This schedule, in Section I, Line 2 reflects the claimed balance as being related to water/sewer charges. Section I, Line 1 of the form provides separate space for the itemization of real estate taxes, however no amounts are set forth for any such claim.

Ironically, matters initially came to a head in this case in May, 1994 when the Chapter 13 Trustee apparently indicated that he would not recommend confirmation of the Debtors' Chapter 13 plan since, among other things, the plan provided for a $2,700 payment to the City of Philadelphia, when the City had filed a proof of claim in the aforementioned smaller amount. On August 26, 1994, the Debtors filed an amended Chapter 13 plan. The aggregate plan funding remained the same. The amended plan, however, reduced, and mischaracterized as priority, a payment to the City of Philadelphia in the amount set forth in its claim as secured, and made certain other adjustments to payments to named secured creditors. An additional distinction between the original and the amended Chapter 13 plans thus became a slight increase in the distribution to be made to the holders of unsecured claims without priority. No separate payment to the City of Philadelphia for real estate taxes was provided in the amended plan.

The Debtors' amended Chapter 13 plan was confirmed by Order of Court dated September 16, 1994. The Debtors apparently made all payments required under the amended plan, including the priority and unsecured claim distributions specified for the City of Philadelphia. The Debtors accordingly believed that their troubles lay behind them. To their dismay, however, the Debtors have recently been informed by the City of Philadelphia that they still owe real estate taxes for the years 1993 through 1998 in an amount totaling $7,694.14, with interest and penalties. The Debtors insist that they owe nothing and invoke the holding of the Third Circuit Court of Appeals in *In re Szostek* 886 F.2d 1405 (3rd Cir.1989). They seek the entry of an Order declaring that the real estate tax debt at issue has been discharged and any lien extinguished. The City of Philadelphia, in its Motion to Dismiss, argues that *Szostek* is inapposite and that the Debtors' complaint fails to state a claim upon which relief may be granted. In this respect the City argues that its lien for unpaid real estate taxes has survived the bankruptcy. The City relies on *Estate of Lellock v. Prudential Insurance Company*, 811 F.2d 186, 187–188 (3d Cir.1987); *In re Coffin*, 189 B.R. 323, 326 (E.D.Pa.1995); and *In re Wolf*, 162 B.R. 98, 105. The Debtors dispute the City's legal theory, but argue that, irrespective thereof, the City is both equitably and judicially estopped from contesting the discharge of the tax debt under the present circumstances.

The Court agrees with the City that *Szostek* is not dispositive. In *Szostek* the Third Circuit held that confirmation orders are *res judicata* as to all issues decided, or which could have been decided, at the hearing on confirmation, and affirmed the

Bankruptcy Court's confirmation of a Chapter 13 plan which modified a secured creditors rights, after the creditor had failed to object to confirmation, and had failed to appear at the confirmation hearing. There was no issue in *Szostek*, as there is here, over whether the Debtors' chapter 13 plan in fact made provision for the treatment of a creditors secured claim. In *Szostek* it expressly and unquestionably had. The question was whether the proposed treatment satisfied the requirement of Bankruptcy Code § 6 1325(a)(5)(B)(ii). The Circuit Court held that while arguably the plan in issue did not do so, the policy of finality evidenced in Bankruptcy Code § 6 1327 compelled upholding the plan as confirmed. The Debtors argue that the same theory holds true here, however the Court disagrees.

█ The Debtors' amended Chapter 13 plan was filed· in direct response to the proof of claim filed by the City of Philadelphia. The City's claim on its face, however, addresses only the Debtors' obligation for water and sewer charges, and not its secured real estate tax claim. Despite the Debtors' desire to find ambiguity in these circumstances by virtue of the City's failure to include outstanding real estate taxes in its filed proof of claim, the Court finds no such ambiguity. The claim, very simply, is for water and sewer charges alone, and does not include real estate taxes. By the same token, no reasonable reading of the Debtors' amended Chapter 13 plan permits an interpretation that this amended plan covers both priority and unsecured water and sewer charges, *and* secured real estate taxes. Again, there is really no ambiguity. As the City correctly notes, however, even if one were to agree that there is an ambiguity in the plan, the doubt must be resolved against the Debtors as the architects of their plan. *In re Fawcett*, 758 F.2d 588 (11th Cir.1985).

█ It is patently clear, moreover, that the Debtors themselves appreciated the existence of two separate claims. Their Bankruptcy schedules confirm that fact.

Indeed, the schedules confirm the Debtors' awareness that the City claimed an indebtedness in excess of $5,000 for realty taxes, in addition to the roughly $1,200 it claimed in water and sewer charges. The Court rejects the Debtors' argument that the City's lien for real estate taxes fails to enjoy the protection ordinarily accorded secured claims in a Chapter 13 case because the City filed an allegedly "incomplete" proof of claim. It is well established that the holder of a secured claim need not file a proof of claim at all, but instead may elect to have its lien pass through a bankruptcy case unaffected. *Lellock*, *supra*. Whether through inadvertence or design, the City is in this position. *Szostek* therefore is not implicated.

The Debtors' reliance on *In re Dennis*, 230 B.R. 244 (Bankr.D.N.J.1999) to alter this result is misplaced. *Dennis* holds that if a Chapter 13 plan does propose to modify a creditor's secured claim by paying that creditor less than the creditor believes is owed, then such creditor must object to that treatment by filing a timely proof of claim, or it will be bound by the terms of the confirmed plan. *Dennis*, however, involved a cramdown Chapter 13 plan which, once again, expressly addressed the secured claim in issue and proposed modification of the creditors' rights. The Court rejects the argument that the text of the Debtors' amended Chapter 13 plan can be so interpreted. As the City notes, the introduction to Paragraph 2(b) of the amended plan provides that holders of allowed secured claims shall retain the liens securing those claims. The Debtors respond that the foregoing preamble is intended to refer only to the identified secured creditors in Paragraph 2 of the plan, a group which did not include the City. The Court agrees that this is helpful to the Debtors, because it is the most reasonable interpretation of the language in this section of the Debtors' amended plan. It is another matter, however, to contend, as the Debtors do, that Paragraph 2A of the amended plan, which

speaks of a distribution to the City for a priority claim only, was intended to extinguish the City's secured claim for realty taxes in light of an alleged abandonment of such claim by the City through the filing of its proof of claim. The relevant documents simply do not support that interpretation, nor does the chronology of events suggest this to be in any way a reasonable inference for the Court to draw.

 The undisputed facts likewise give rise to no grounds for the invocation of equitable or judicial estoppel. As noted in *In re Okan's Foods Inc.* 217 B.R. 739 (Bankr.E.D.Pa.1998)

> Equitable estoppel focuses on the relationship between the parties and prevents a party from assuming a position inconsistent with an earlier position upon which another party reasonably relied. See *Godwin v. Schramm*, 731 F.2d 153, 160 (3d Cir.), cert. denied sub nom., *Behrend v. Godwin*, 469 U.S. 882, 105 S.Ct. 250, 83 L.Ed.2d 187 (1984); see also, *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502, 503 (1983) ("Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect....[It] recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment, may be enforced in equity."). Judicial estoppel, on the other hand, is concerned with the connection between a party and the judicial system itself. Judicial estoppel prevents a party from assuming a position in one proceeding that is inconsistent with a prior position asserted by that party either in the same or in an earlier proceeding. *McCarron v. F.D.I.C.*, 111 F.3d 1089, 1097 (3d Cir.1997), cert. denied, ─── U.S. ────, 118 S.Ct. 689, 139 L.Ed.2d 635 (1998); *Government of the Virgin Islands v. Paniagua*, 922 F.2d 178, 183 (3d Cir.1990); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848

F.2d 414, 419 (3d Cir.1988). The purpose of judicial estoppel is to prevent a party from playing "fast and loose" with the courts. *United States v. Vastola*, 989 F.2d 1318, 1324 (3d Cir.1993). The determination of whether to apply either doctrine in a particular case lies within the sound discretion of the trial court.

The Debtors argue that they relied on the City's Proof of Claim as evidence of the City's position that no real estate taxes were owed by them. Even if this is in fact true, which the Court will assume given that this is a dismissal motion under F.R.C.P. 12(b)(6), as a matter of law the Court finds such reliance to be unjustified and patently unreasonable. The Debtors' Bankruptcy schedules reflect their awareness of a claim against them for real estate taxes. The Proof of Claim filed by the City conspicuously omits any provision for real estate taxes, but instead expressly delineates that the entirety of the claimed amount relates to water and sewer charges. To conclude on these facts that the City had inexplicably abandoned any claim for known unpaid real estate taxes is exceedingly unreasonable. Indeed, the proposition is so improbable as to seem little more than an attempt by the Debtors to create for themselves a windfall.

 An even weaker case exists for the application of judicial estoppel. The Court discerns no attempt on the part of the City to "play fast and loose" with the Court. Moreover, for the reasons discussed above, the Court rejects the proposition that the claim that real estate taxes for the years in question remain owing is necessarily inconsistent with any position the City previously took during the pendency of this case.

In reaching the above determination, the Court is mindful of the well established liberal standard for the evaluation of motions brought pursuant to F.R.C.P. 12(b)(6). Specifically, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in sup-

port of its claim which would entitle it to relief. *Conley v. Gibson* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957);

> A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3rd Cir.1986). "This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Even giving effect to the above liberal standards the Debtors' complaint is fatally deficient. The Court has construed the facts in the light most favorable to the Debtors, however, the Court is not obliged to, nor has it, accepted the unreasonable inferences which the Debtors request. In this respect the Court accepts the assertion that the Debtors genuinely believed that the proof of claim filed by the City represented the entirety of the claims owed by them to the City. This belief, however, does not mandate the invocation of the Circuit Court's holding in *Szostek*, particularly given the holding of *Lellock*, and the fact that the documents (i.e., both the amended plan and the proof of claim) are essentially plain on their face. The latter fact, too, undercuts the Debtors' equitable estoppel argument, as the Court finds that the Debtors' reliance on their own implausible interpretation of the facts is neither justified nor reasonable. Judicial estoppel, meanwhile, is basically inapposite, because, as noted, there is really nothing inconsistent in the position the City takes herein, nor is there even an allegation that the City's present position is either born of bad faith, or evidence of a prior intention to mislead. In short, the Debtors' dilemma is of their own creation, and unfortunately for them they will have to endure the consequences.

For all of the foregoing reasons, the City's Motion to Dismiss the Debtors' complaint will be granted.