**In re James Edward LEE, Audrey Denise Lee, Debtors.**

**Bankruptcy No. 91–41392.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 23, 1995.

R. Wade Gastin, Savannah, GA, for debtors.

John F. Pendergast, Jr., Atlanta, GA, for the Bank.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, GA.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This Motion For Relief From Stay was filed by First Tennessee Bank National Association (the "Bank"). This is a core matter as defined by 28 U.S.C. § 157(b)(2)(G). For the reasons set out in this memorandum opinion, the Court will grant the Bank's motion. These findings of fact and conclusions of law are entered in compliance with Fed. R.Bankr.P. 7052.

### FINDINGS OF FACT

The facts in this case are largely undisputed. James and Audrey Lee ("Debtors") filed this case under Chapter 13 of the Bankruptcy Code on July 9, 1991. The Bank holds a perfected pre-petition security interest in Debtors' 1982 Honda Accord. Although the Bank was listed on Debtors' schedules as a secured creditor and had actual notice of this case, the Bank did not file a proof of claim. Likewise, Debtors did not file a proof of claim for the Bank. As a result, the Bank has received no distributions in this Chapter 13 case.

Debtors' Chapter 13 plan was confirmed with a 100% dividend to unsecured creditors. Debtors contend that the Bank is not entitled to participate in this bankruptcy case. Debtors further contend that because the Bank did not file a proof of claim in this case, it must look to its lien for satisfaction of its claim after the close of this case when Debtors receive their discharge. Debtors' plan has a stated duration of thirty-six months.

The Bank responds by seeking stay relief and alleging that, because it is not provided for in this Chapter 13 case, the depreciation of its collateral over the course of Debtors' plan results in a lack of adequate protection.

The Court held a hearing on the Bank's motion on March 16, 1995. The Court invited both parties to submit post-hearing briefs on the issues. Neither party responded.

### CONCLUSIONS OF LAW

The Court notes that opinions of both the District Court and the Eleventh Circuit Court of Appeals in the case of *Southtrust Bank of Alabama v. Thomas (In re Thomas)*, 91 B.R. 117 (N.D.Ala.1988), *aff'd*, 883 F.2d 991 (11th Cir.1989), are on point. The facts of that case are uncomplicated. The debtors possessed a mobile home in which the creditor held a security interest. The creditor had attempted to file a late proof of claim in the case, but its claim was not allowed. The debtors' plan made no provision for the payment of the debt owed to the creditor. The creditor obtained relief from stay under 11 U.S.C. § 362(e), which provides that if no action is taken to extend the stay, it will expire 30 days after a motion to that effect is filed.

The creditor had scheduled a foreclosure sale, but the sale was stayed by an adversary proceeding filed by the debtors to halt the foreclosure sale. The bankruptcy court subsequently ruled against the creditor and reimposed the stay, leaving the debtors in possession of the mobile home for the duration of the bankruptcy case. On appeal, the district court framed the issue in this manner:

> [W]hether the bankruptcy court erred in reimposing the stay against a secured creditor which had obtained relief from

stay under § 362(e) to prevent the creditor's recovery of its collateral where the creditor's secured claims were not provided for in the Debtors' confirmed Chapter 13 plan and the Debtors claimed no equity in the collateral.

*Thomas,* 91 B.R. at 119.

Of importance to that decision was the fact that the debtors had no equity in the collateral. As in the case before this Court, the debtors in *Thomas* contested the creditor's motion for stay relief contending that the creditor was bound to the terms of the Chapter 13 plan under 11 U.S.C. § 1327. Although the creditors in *Thomas* argued various legal theories, the point of importance in the case before this Court is the argument of the *Thomas* creditors that the failure of the debtors' plan to provide payments on the creditor's debt amounted to a lack of adequate protection.

Section 1327 of the Code is central to the analysis of the effect of a confirmed plan and the release of liens under a Chapter 13 plan. That section provides:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327 (West 1995).

Subsection (a) provides that each creditor and the debtor are bound by the terms of the plan, whether or not the creditor is provided for by the plan. Subsection (b) vests the property of the estate with the debtor upon confirmation, and subsection (c) states that if a creditor is "provided for" in the plan, the property vesting in the debtor will be free and clear of any liens.

The district court initially noted that pursuant to 11 U.S.C. § 506(d)(2), the secured creditor may look to its lien for satisfaction of its debt rather than participate in the bankruptcy case. *Thomas,* 91 B.R. at 121. The court reasoned that merely passing property through bankruptcy would not result in the release of all liens on the property. *Thomas,* 91 B.R. at 121. Therefore, a creditor would not suffer the release of a lien where the creditor's claim was not provided for in the bankruptcy case. *Thomas,* 91 B.R. at 121. This, the court found was consistent with a long line of case law addressing the effect of a plan of reorganization on secured debts. *Thomas,* 91 B.R. at 121–123 (citing *e.g. In re Simmons,* 765 F.2d 547 (5th Cir.1985); *In re Honaker,* 4 B.R. 415 (Bankr.E.D.Mich.1980)). A debtor could not earn the release of a lien under the Code where the creditor was not "provided for" within the meaning of the Code. *See* 11 U.S.C. § 1327(c).

There is no basis to dispute the result reached by the district court in *Thomas.* There is, however, some cause for concern in the court's conclusion that:

> Although the *Honaker* decision and its progeny did not specifically construe the effects of §§ 1306(b) and 1327(a) upon the ability of a secured creditor to obtain relief from the stay, the logical corollary of the *Honaker* holding is that a Chapter 13 debtor cannot remain in possession of a secured creditor's collateral during the pendency of its plan where the debtor's plan makes no provision for the creditor's value of its security and where the sole reason for disallowance of the creditor's secured claim was the creditor's failure to file a timely proof of claim.

*Thomas,* 91 B.R. at 123.

The court made this sweeping statement in spite of its holding that:

> [Section] 1327(a) does not bar a secured creditor from seeking relief from stay where the creditor's claim is not provided for in the plan, the Chapter 13 debtor has minimal equity in the collateral, and the sole reason for disallowance of the credi-

tor's claim is the creditor's failure to file a timely proof of claim. *Thomas,* 91 B.R. at 124.

These conclusions by the District Court appear to extend the holding beyond the facts of the case.

On appeal, the Eleventh Circuit affirmed the district court's decision to allow relief from stay in a one sentence conclusion "[t]his Court has reviewed the district court's findings and conclusions on this issue and concludes that the district court's analysis is correct." *Thomas,* 883 F.2d at 999.

■ A secured creditor who is not provided for in a plan may seek relief from stay. *Thomas,* 91 B.R. at 123. However, the court must determine whether sufficient grounds exist to grant that request for relief from stay. Any such relief would not be a per se matter. The existence of such grounds does not restrict the application of section 1327(a). The district court in *Thomas* stated that it was adopting a narrow reading of section 1327(a) in order to find that a non-filing secured creditor who is not provided for in a plan may seek relief from stay. A narrow reading is unnecessary where the plain language of section 1327(a) only dictates who is bound and that such entity is bound regardless of its reaction to its treatment under a plan.

■ Res judicata, which is the basis for the binding effect of a confirmed plan, *see Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Bowen v. United States (In re Bowen),* 174 B.R. 840 (Bankr.S.D.Ga. 1994), binds the creditor to the terms of the plan and precludes relitigation of issues which either were previously decided or could have been previously decided. *Id.* A non-filing secured creditor who is not provided for under a plan is nevertheless bound to the terms of a plan in the sense that it is subject to the automatic stay, *Smoot v. Southtrust Mobile Services, Inc. (In re Smoot),* 134 B.R. 960 (Bankr.N.D.Ala.1991), and must accept the treatment the debtor affords its claim under the plan for the debtor's discharge of personal liability. Thus, a secured creditor who does not file a proof of claim and is not provided for in a plan is bound to receive nothing under the plan, and may not seek a deficiency from the debtors.

■ While a secured creditor is bound by a plan's provisions regarding a debtor's personal liability, a secured creditor's in rem rights are another matter. Whether a secured creditor's in rem rights survive confirmation depends upon whether the claim is "provided for" within the meaning of section 1327(c). If the Court determines that the secured creditor is "provided for" in the plan, the secured creditor may not prevent property from revesting in the debtor free and clear. 11 U.S.C. § 1327(c).

■ If the creditor is not "provided for" in the plan, the plan may not revest the property free and clear under section 1327(c), and the creditor is entitled to satisfy its claim from the collateral. 11 U.S.C. § 506(d)(2). Thus, the determination of whether a claim is "provided for" is a judgment in rem regarding the survival of a "claim or interest" such as a security interest. A non-filing secured creditor's in rem rights are not the subject of res judicata where only the secured creditor's in personam rights are adjudicated by confirmation.

■ Where a plan does not provide for a secured claim, both the plan and the Code contemplate that the property will not vest in the debtor free and clear, and the creditor's security interest will survive the bankruptcy proceedings. In this sense, a secured creditor who is not "provided for" in a plan is not precluded by confirmation from seeking relief from stay based on alleged jeopardy to its in rem rights. Therefore, upon a finding that a claim is not provided for under a plan, a secured creditor is free to seek relief from stay to protect those rights which survive confirmation of the debtor's plan.

Having thus construed the effect of section 1327(a) upon the rights of non-filing secured creditors not provided for under a plan, the Court turns to the motion for relief from stay in this case. The Bank in this case is not "provided for" by the plan because it receives no payment on the value of its interest in Debtors' vehicle. *In re Duke,* 153 B.R. 913, 920 (Bankr.N.D.Ala.1993). Confirmation of Debtors' plan, therefore, did not extinguish

the in rem rights of the Bank in the collateral, and the Bank may now seek to protect its security interest.

 The effect of a secured creditor's failure to file a proof of claim is that it may look to its lien for satisfaction of its claim. 11 U.S.C. § 506(d)(2). The effect of the failure of a debtor to "provide for" a secured claim is that the property will not vest in the debtor free and clear of any liens. 11 U.S.C. § 1327(c). Neither of these facts, taken alone or together, mandate immediate relief from the automatic stay or release a creditor from a confirmed plan.

 The fact that a creditor foregoes payments under a plan means neither that the creditor is able to immediately sell the collateral nor that the debtor may use the property under section 363 without complying with the adequate protection requirements of section 362. Where a debtor has an equity cushion in property subject to a security interest, or has equity in property tending to appreciate in value, relief from stay might not be appropriate despite the fact that the secured creditor is not "provided for" in a plan. Where a secured creditor looks to the lien for satisfaction of a claim, the adequate protection such creditor is entitled to under 11 U.S.C. § 362(d) amounts to any depreciation of the property between the date of filing and the anticipated date of discharge which jeopardizes a secured party's ability to realize the amount of its secured claim as determined at the time of the filing. Given the fact that it is the creditor's burden to demonstrate that the debtor lacks equity in property,[1] a court cannot automatically assume that the price the property will fetch at a foreclosure sale following discharge will be less than the amount of the lien. A debtor could conceivably stay in possession of collateral during the pendency of a case where the debtor possesses sufficient equity to absorb any depreciation to the property below the present value of the creditor's lien.

The facts in this case are indistinguishable with the facts in the *Thomas* case. This Court prefers, however, to resolve this case based on the analysis set forth herein rather than by the analysis set forth in the *Thomas* case. As indicated earlier in this opinion, the dicta in the *Thomas* opinion suggests a "per se" approach which might not be appropriate in cases where the facts were different, such as where there was equity in the subject property. Since this Court has arrived at the same conclusion as the court in the *Thomas* case, it seems necessary to explain the reasoning of this Court so as to avoid the implication that this Court is following the "per se" approach which is suggested by the *Thomas* court. In fact, all of the conclusions in this opinion and in the *Thomas* opinion would be dicta as they apply to cases where there is equity in the subject property. Still, it often happens that dicta in cases becomes established as law if it is not carefully distinguished. The affirmance of the District Court by the Eleventh Circuit should not be read as an endorsement of the dicta in the District Court's opinion. It should, instead, should be read as an endorsement of the conclusion based on the facts before the District Court. The same facts in this case produce the same conclusion which was affirmed by the Circuit Court.

 In sum, while a non-filing secured creditor not provided for under a plan is bound by the plan and may not thereafter litigate any issues regarding in personam liability of the debtor, the confirmation of a plan does not bind such a secured creditor to relinquish its in rem rights or preclude later litigation regarding such rights. Where the secured creditor is not provided for under a plan, its in rem rights survive confirmation of the debtor's bankruptcy plan. In such a case, the creditor may seek to protect those rights through stay relief. Stay relief may then be appropriate where it can be proven that the debtor possesses insufficient equity to absorb the anticipated depreciation of collateral during the pendency of the debtor's case.[2]

1. 11 U.S.C. § 362(g)(1).

2. Each case requires its own independent determination of what constitutes adequate protection. Nothing in this opinion is intended to suggest that an equity cushion alone is sufficient to withstand a motion for relief from stay. The lack of an equity cushion and the nature of the collateral in this case provides sufficient evidence

In the matter before this Court, evidence in the form of admissions on Debtors' schedules place the value of the vehicle at One Thousand Eight Hundred Dollars ($1,800.00) and the secured debt at Two Thousand One Hundred Dollars ($2,100.00). Hence, even accepting the most generous estimates of the value of the vehicle as compared to the creditor's secured claim, there is no equity in the vehicle which would absorb the collateral's depreciation over the life of Debtors' plan. The Court finds that the Bank's security interest is not adequately protected in this case, and will grant the Bank's motion for relief from stay. The relief from stay will only extend to repossession and sale of the vehicle, as the Bank has foregone any unsecured deficiency in this case by failing to file a proof of claim.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

A Motion For Relief From Stay has been filed in this case by First Tennessee Bank National Association. For the reasons stated in the accompanying memorandum opinion, stay relief is hereby GRANTED to allow First Tennessee Bank National Association to repossess and sell collateral, a 1982 Honda Accord.

Stay relief is limited to repossession and sale of the subject collateral and such other steps as might be required to establish a deficiency balance claim. Any such deficiency balance claim shall be discharged upon the completion of Debtors' Chapter 13 case. If the Debtors do not receive a discharge, any such deficiency balance claim will remain to be asserted against the Debtors along with all other undischarged debts upon dismissal of the case.

---

to conclude that there is a lack of adequate protection. There is no cause to delve further into what is often a deceptively complex determination. *See e.g.* Carlson, *Adequate Protection Payments And The Surrender Of Cash Collateral In Chapter 11 Reorganization,* 15 Cardozo L.Rev. 1357 (1994); Flaschen, *Adequate Protection For Oversecured Creditors,* 61 Am.Bankr.L.J. 341 (1987).