

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-1996

# In Re: Coffin

Precedential or Non-Precedential:

Docket 96-1007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation
"In Re: Coffin" (1996). *1996 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 96-1007
_____

IN RE: TRISTAM COFFIN,

Appellant,

vs.

MALVERN FEDERAL SAVINGS BANK

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. 95-cv-03143)
_____

Argued: June 6, 1996

Before: BECKER and MANSMANN, Circuit Judges, and
SCHWARZER, District Judge

(Filed: July 29, 1996)

JEFFREY S. WILSON, ESQUIRE
(ARGUED)
BENSON ZION, ESQUIRE
Benson Zion and Associates
919 Conestoga Road
Building Three, Suite 214
Rosemont, PA 19010

Attorney for Tristam Coffin,
Appellant

MARK D. PHILLIPS, ESQUIRE
(ARGUED)
Malvern Federal Savings Bank
24 North New Street
West Chester, PA 19380
Attorney for Malvern Federal
Savings
Bank, Appellee

_____

OPINION OF THE COURT
_____

SCHWARZER, District Judge.

This is an appeal by Tristram Coffin, the debtor, from an order of the district court affirming an order of the bankruptcy court. The bankruptcy court's order denied the debtor's motion styled as one "to reconsider lien avoidance." Because we and the district court lack jurisdiction of this appeal, we remand with directions.

Coffin was the owner of three parcels of real property on which Malvern Federal Savings Bank held mortgages to secure loans it had made to Coffin. When Coffin fell in arrears, the Bank foreclosed on one of the mortgages. Coffin then filed a voluntary petition in the bankruptcy court under Chapter 13 of the Bankruptcy Code. The Bank filed a proof of claim which set forth the arrearages on the three mortgages. Coffin then filed an Amended Chapter 13 Plan which provided for some of the arrearages. Without objection from the Bank, the bankruptcy court on October 19, 1993, confirmed the Plan.

Nine months later, on June 23, 1994, the Bank moved "for an Order granting relief from the automatic stay provided by 11 U.S.C. Section 362 in order that said creditor may pursue its state foreclosure remedies to enforce its lien against real property of the debtor . . . ." On September 1, 1994, following a hearing, the court (1) directed Coffin to make payments to the Bank in addition to those made under the Plan; (2) directed Coffin to file an amended Plan to provide adequately for the Bank's secured claim; and (3) ordered the automatic stay to remain in place pending further hearing on the motion. In opposition to the Bank's motion, Coffin then filed his motion to dismiss as res judicata the Bank's motion for relief from the automatic stay. Following a hearing held on December 1, 1994, the bankruptcy court issued an opinion and order, denying the Bank's motion for relief from automatic stay and granting Coffin's motion to dismiss to that extent. The court found that

[the Bank] is bound by the Debtor's Confirmed Plan with respect to

the distribution to it provided thereunder and therefore relief from

stay is not appropriate, there being no default under the Plan. (Op. 7.)

The court then added:

However, we further find that [the Bank's] lien on the Gay Street Property is not discharged by this Chapter 13 proceeding and that upon lifting of the stay at the conclusion of this case or sooner, [the Bank] will be free to exercise its state law remedies under its mortgage and applicable law. (Ibid.)

The Bank did not appeal from the order denying relief from the automatic stay. Coffin, however, although the prevailing party on the motion (the court having granted his dismissal motion and having entered no order adverse to him), filed a motion styled as one "to reconsider lien avoidance." The court, describing this motion as "framed in a somewhat cryptic manner since it suggests that a motion for lien avoidance was the subject of the motions that are at the heart of this request for reconsideration" interpreted the motion as "challeng[ing] this Court's legal conclusion that the Bank's liens . . . survive the bankruptcy discharge . . . ." (Op. 1. n.1) The motion was denied. Coffin then appealed to the district court which, stating "the issue in this appeal . . . [to] concern[] whether certain liens survive a bankruptcy proceeding," (Op.1.) affirmed.

It is not necessary for present purposes to examine the bankruptcy court's reasoning that led to its "finding" that the Bank's mortgage lien had not been discharged by the confirmed Chapter 13 Plan. The threshold question is whether that "finding," and, in turn, the order denying reconsideration and the district court's order affirming it, constitute appealable orders. 28 U.S.C. 158(a)(1), 1291, 1292(a).

While the analysis takes us outside of conventional appealable order jurisprudence, it is nonetheless firmly grounded on principles of justiciability and ripeness. The bankruptcy court's "finding"--that the Bank's lien was not discharged and that at the end of the case it would be free to exercise its state law remedies under its mortgage--was an advisory opinion. Its order denying Coffin's "cryptic" motion for reconsideration decided no actual controversy between the parties: Coffin had not moved for an order of lien avoidance (it is doubtful that he could have done

so in any event, see 11 U.S.C.  522(f)); the issue of whether the lien survived was not before the court for adjudication; and the "finding" it made did not determine whether the Bank would succeed in a subsequent foreclosure action in state court.  If the lien survived, it survived by reason of the prior proceedings, including the confirmed Plan, not because of the court's "finding."  Were the Bank to go to state court to foreclose on its mortgage, its right to do so would have to be determined by that court in light of its interpretation of the terms of the Confirmed Plan, as well as the terms of the mortgage, applicable state law and, of course, that court's findings of fact.  To put it differently, had the bankruptcy court made a "finding" that the Bank's lien did not survive, the state court in the foreclosure proceeding would clearly not be precluded from ordering a foreclosure, if under applicable law the lien remained enforceable; such a finding, not being necessary to the decision, would be mere dictum and not give rise to res judicata or collateral estoppel.

"The oldest and most consistent thread in the federal law of justiciability is that federal courts will not give advisory opinions." 13 Wright, Miller, Cooper, Federal Practice and Procedure,  3529.1, p. 293 (2d ed. 1984).  We have addressed the question when a justiciable controversy exists--although under the rubric of ripeness--in the context of suits for declaratory relief.  Although the parties did not invoke the declaratory relief statute, 28 U.S.C.  2201, the case before us in its present posture is somewhat analogous to one seeking a declaration of rights.  In Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643 (3rd Cir. 1990), plaintiff sought a declaration that its suppliers are responsible for any liability that plaintiff may have to its customers as a result of the pending customers' suits.  The district court dismissed the complaint and this court affirmed.  It defined certain basic principles guiding the determination whether an actual controversy exists, "[t]he most important of . . . [which] are the adversity of the interest of the parties, the conclusiveness of the judicial judgment and the practical help, or utility of that judgment."  Id. at 647.  Here, while there is no question of the adversity of the interest of the parties, conclusiveness of judicial judgment and any utility of that judgment are totally lacking. The determination of whether the Bank's lien is enforceable will eventually have to be made by

another court in foreclosure proceedings and the bankruptcy court's advice will have no legal effect. See Id. at 649 n.9.

That the Bank may have asked the bankruptcy court to interpret the Plan with respect to the question of the survival of its lien, and that the parties advanced opposing positions, does not alter the conclusion that what the court said in this respect was an advisory opinion. That seems clear under Step-Saver, where plaintiff asked for a declaration of non-liability but the complaint was dismissed for lack of a ripe controversy. Nor does it matter that foreclosure may be imminent since the fact remains that the "finding" of the bankruptcy court is an advisory opinion that will not have a judicial effect on the outcome of the future foreclosure proceedings.

Both parties urge us to take jurisdiction to resolve matters that would help them move on, but jurisdiction cannot be conferred by consent. While we are sympathetic to their plight, it is of their own making, resulting from the parties' lack of care and attention given the Chapter 13 proceedings, including the formulation of the Plan. The present problem could and should have been anticipated by appropriate provision in the Plan. The bankruptcy court retains jurisdiction of the case, however, and it is the proper forum to resolve post-confirmation problems in appropriate proceedings. See 11 U.S.C. 1328, 1329. Presumably the court will now grant a discharge, close the case, and thereby free the Bank to test the continuing validity of its lien by bringing a foreclosure action.

Accordingly, we remand the matter to the district court and direct it to remand it to the bankruptcy court. That court should enter an order vacating so much of its opinions as purports to find that the Bank's lien survived.