**In re Alfred and Denise RUXTON**

v.

**CITY OF PHILADELPHIA.**

**No. CIV.A. 99–5929.**

United States District Court,
E.D. Pennsylvania,
Philadelphia Division

March 30, 2000.

Daniel K. Astin, Office of U.S. Trustee, Philadelphia, PA.

Theresa Giannone, Pachtman Law Office, Folsom, PA.

Joseph DiGuiseppe, City of Philadelphia Law Dept., Philadelphia, PA.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are Appellant Alfred and Denise Ruxton's ("Appellants" or "Debtors") Appeal from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania, Honorable Stephen Raslavich, October 21, 1999 (Docket No. 3), Appellee the City of Philadelphia's ("Appellee" or the "City") response thereto (Docket No. 5), Appellants' Motion to Strike Brief of Appellee (Docket No. 6), Appellee's response thereto (Docket No. 7), and Appellants' reply to Appellee's response (Docket No. 8). For the reasons stated hereafter, Appellants' Motion to Strike and Appeal are denied.

## I. BACKGROUND

Debtors filed the instant appeal of the decision of the Bankruptcy Court for the Eastern District of Pennsylvania. *See Ruxton v. City of Philadelphia*, 240 B.R. 211 (Bankr.E.D.Pa.1999). The Bankruptcy Court granted the City's Motion to Dismiss the Debtors' Complaint under Federal Rule of Civil procedure 12(b)(6). Appellants claim that the Bankruptcy Court, in reaching said decision, made three reversible errors: (1) the court wrongly held that *In re Szostek*, 886 F.2d 1405 (3d Cir.1989), is inapposite to the instant controversy; (2) the court wrongly held that Appellants' reliance on *In re Dennis*, 230 B.R. 244 (Bankr.D.N.J.1999),

was misplaced; and (3) the court erred in holding that there were no grounds for invocation of the principles of equitable or judicial estoppel. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

The relevant facts of this case are as follows. On or about November 22, 1993, Debtors commenced their Chapter 13 case. They listed on their Bankruptcy Schedules two debts owed to the City: (1) on Schedule E, they listed an unsecured priority claim for 1989–1993 real estate taxes in the approximate amount of $5,250.00; and (2) on Schedule F, they listed a non-secured, non-priority claim for utility bills in the approximate amount of $1,069.00.

Debtors filed their original Chapter 13 bankruptcy plan (the "Plan") on or about December 23, 1993, in which they proposed to pay the City $2,700.00 as a priority debt for the real estate taxes owed. On or about January 25, 1994, the City filed a Proof of Claim in the amount of $576.00 for the utility bills owed by Debtors to the City. The City indicated that the basis of its claim was "Taxes/Municipal Claims." Attached to the City's claim is a schedule entitled "Itemization Pursuant to Local Rule 3001.1" which indicates that the claimed balance was related to the utility charges. While another part of the schedule provides space for the itemization of real estate taxes, that part of the form was not completed.

Paragraph 2 of the "Debtors' Plan Under Chapter 13" states as follows:

2. From the payments so received the trustee shall make disbursement as follows:

b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

1. Secured creditor PNC Bank shall receive . . .

2. Secured creditor Security Pacific shall receive . . .

(See Debtors' Plan Under Chapter 13 at ¶ 2). By the plain meaning of the paragraph, it appears that the only secured creditors to whom Debtors shall make payments under the plan are PNC Bank and Security Pacific.

On or about May 10, 1994, the Plan trustee indicated that he would not recommend the Plan's confirmation because, inter alia, the Plan provided that the City was to be paid $2,700.00 as a priority creditor but the City only filed a Proof of Claim for $576.50 secured and $454.29 unsecured. On or about August 26, 1994, Debtors filed an amended Chapter 13 plan (the "Amended Plan") in which they proposed to pay the City $576.50 as a priority debt. As a result of this change, the Amended Plan provided for a smaller payment to the City and larger payments to unsecured creditors. Moreover, the Amended Plan did not provide for payment to the City of an amount for the real estate taxes owed for the 1989–1993 period.

Debtors' Amended Plan was confirmed by Order of Court on September 16, 1994 and Debtors thereafter made all payments under said Amended Plan. After the satisfaction of their debts under the Amended Plan, the City notified Debtors that they owed taxes, interest, and penalties in the amount of $7,694.14 for the 1989–1993 period. Debtors then filed an adversary action seeking a determination from the Bankruptcy Court that pre-petition real estate taxes shall be discharged and all liens extinguished. The City filed a Motion to Dismiss which was granted. This appeal followed.

## II. DISCUSSION

■ As a preliminary matter, the Court considers Appellants' Motion to Strike Appellee's brief on the basis that it was untimely filed. Indeed, Appellee filed its response to Appellants' Appeal well over a week after the filing date set by the Clerk of Court. Nevertheless, the Court denies Appellants' Motion to Strike as it is preferred to decide all appeals on the merits. Because Appellee eventually filed a brief in

response to Appellants' Appeal and there appear to be grounds for a finding that Appellee's delay was the result of excusable neglect, the Court will consider the substantive submissions of both parties. Accordingly, Appellants' Motion to Strike is denied.

■■■ Where a district court reviews a decision of the Bankruptcy Court on question of fact, it applies a clearly erroneous standard of review. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). When reviewing the factual findings of the Bankruptcy Court, this Court must adhere to the "clearly erroneous" standard. The standard of review is stated in Bankruptcy Rule 8013, as follows:

> On an appeal, the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree, or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Third Circuit stated that district courts must follow this very restrictive standard of review, even if it is inconsistent with a local district court standard. *See In re Morrissey*, 717 F.2d 100 (3d Cir.1983). The bankruptcy court's findings of fact must stand unless "the court is left with the definite and firm conviction that a mistake has been committed." *Brager v. Blum*, 49 B.R. 626 (E.D.Pa. 1985). However, "the 'clearly erroneous standard' does not apply to questions of law. Thus, where the question presented is solely one of law, no presumption of correctness applies. The bankruptcy court's legal conclusions, therefore, may not be approved without our independent determination of the legal questions." *In re Gilchrist Co.*, 410 F.Supp. 1070, 1074 (E.D.Pa.1976) (citations omitted). *See Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–03 (3d Cir.1981) (dis-

trict court's review of legal questions is plenary). Therefore, a bankruptcy court's conclusions of law are subject to plenary review. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Accordingly, as Appellants do not challenge any of the Bankruptcy Court's factual findings, the Court is charged with a plenary review of the Bankruptcy Court's conclusions of law.

### 1. *Whether the Szostek holding is inapposite*

■■■ Appellants argue that the Bankruptcy Court erred in holding that *In re Szostek*, 886 F.2d 1405 (3d Cir.1989), is inapplicable to their case. The Appellants distinguish *Szostek* on the basis that their original Plan provided for payment of Appellee's secured claim in an amount less than the face value of Appellee's claim and that they only amended their original Plan because of Appellee's misleading Proof of Claim. Appellants claim that they correctly relied on *Szostek* for the proposition that the real estate tax owed to Appellee should be discharged since Appellee accepted the Amended Plan.

■■■ The Appellees argue that the *Szostek* case is sufficiently factually dissimilar as to be unavailing to Appellant's proffered argument. Here, unlike in *Szostek*, the dispositive issue is whether the Amended Plan dealt with the disposition of the secured creditor's (i.e., the City's) claim. The *Szostek* decision concerned the finality of a plan wherein a secured creditor objected to being paid less than the face value of its secured creditor. In the instant matter, the Appellants' Amended Plan was silent on the disposition of the Appellee's secured claim. Moreover, as the Bankruptcy Court stated, "[i]t is well established that the holder of a secured claim need not file a proof of claim at all, but instead may elect to have its lien pass through a bankruptcy case unaffected." *Ruxton v. City of Philadelphia*, 240 B.R. 211, 214 (Bankr.E.D.Pa.1999). *See also*

*Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 188 (3d Cir.1987) (stating that here is a long line of bankruptcy cases which hold that although an underlying debt is discharged in bankruptcy, the lien created before bankruptcy against property to secure that debt survives); *Coffin v. Malvern Federal Savings Bank,* 189 B.R. 323, 326–27 (E.D.Pa.1995) (stating that while the creditor participated in the bankruptcy, it did not attempt to collect its entire debt through the bankruptcy proceeding and that the law in the Third Circuit is that a lien which has not been disallowed or avoided survives the bankruptcy proceeding); *In re Vandy, Inc.,* 189 B.R. 342, 349 (Bankr.E.D.Pa.1995) (holding that the IRS's secured claims passed through the bankruptcy case unaffected where the Chapter 13 plan failed to provide for the claims).

As Debtor's Amended Plan made no provision whatsoever for the City's secured claim, said claim passed through the bankruptcy case unaffected. This result is mandated by controlling law. Indeed, a contrary result would contravene in the first instance the very reasons for recognizing secured claims. In light of the foregoing, the Court finds that the Bankruptcy Court did not commit reversible error when it held that the *Szostek* decision was inapposite to Debtor's case.

### 2. Whether the Bankruptcy Court erred in relying on Dennis

While before the Bankruptcy Court, Appellants relied on *In re Dennis,* 230 B.R. 244 (Bankr.D.N.J.1999), for the proposition that where a plan proposes to modify a claim by paying a secured creditor less than the creditor believes is due, said creditor must file a timely Proof of Claim and objection to confirmation or it will be bound by the plan and its claim will not survive. (*See* Appellants' Brief at 6 (citations omitted)). The Bankruptcy Court held that *Dennis* was not applicable because Appellants' Amended Plan did not propose to modify Appellee's secured claim. The Bankruptcy Court reasoned that paragraph 2A of the Amended Plan cannot be construed to extinguish the City's secured claim. Appellants contend that the Bankruptcy Court's holding is in error because their *original* Plan proposed to modify Appellee's secured claim.

The Court finds that the Bankruptcy Court's interpretation and application of *Dennis* was not erroneous. Indeed, as stated in *Dennis,* if a Chapter 13 "plan does not propose to modify a *secured claim,* then the secured creditor is not required to file a proof of claim and the lien will pass through the bankruptcy unaffected." *Dennis,* 230 B.R. at 252. Accordingly, if a plan proposes to modify a secured claim by paying the secured creditor less than the secured creditor believes is due, said secured creditor must file a timely proof of claim and objection to confirmation or it will be bound by the plan. In the instant action, the *Amended Plan* did not propose to modify the City's secured claim. That Appellants' original Plan proposed to modify the City's secured claim is not dispositive as it was Appellants' *Amended Plan* that was eventually confirmed by Order of Court. Therefore, Appellants' argument is unavailing as the City had no obligation to object to Appellant's Amended Plan wherein there was no discussion or proposed disposition of the City's secured claim. Moreover, adoption of Appellants' argument would impugn the logic behind and the rights guaranteed by secured claims. The Court therefore finds that the Bankruptcy Court's reliance on *Dennis* was sensible and that Appellants' argument is unavailing.

### 3. Whether the Bankruptcy Court erred in holding that there were no grounds for invocation of the principles of equitable estoppel or judicial estoppel

The Court finds no grounds on which the Bankruptcy Court should have invoked either judicial estoppel or equitable estoppel. Accordingly, the Court finds no basis

to reverse the Bankruptcy Court's holding for the reasons proffered by Appellants.