**In re William David KRESSLER and Lori Ann Kressler, Debtors.**

**No. 99–22646T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 12, 2000.

Eric L. Leinbach, Easton, PA, for debtors.

Judith T. Romano, Federman and Phelan, Philadelphia, PA, for Litton Loan Servicing, Inc.

Polly Langdon, Reading, PA, Chapter 13 Trustee.

### *OPINION*

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Before the court is an objection filed by Litton Loan Servicing, Inc. ("Litton") to confirmation of Debtors' amended chapter 13 plan. For the reasons that follow, we find that Litton has standing to object to confirmation and that Litton's objection must be sustained. We begin with a brief overview of the relevant facts.

Debtors filed their chapter 13 petition and chapter 13 plan on June 17, 1999. The deadline for the filing of proofs of claim was set for November 1, 1999, however, Litton filed its proof of claim on November 2, 1999, alleging that it was the holder of a secured claim against Debtors in the amount of $32,480.16. Debtors filed an objection to Litton's proof of claim based on the fact that the proof of claim was untimely filed and this objection was

sustained on that basis by Order entered on February 2, 2000. The chapter 13 plan filed by Debtors on June 17, 1999 provided that: "[h]olders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows: $0— Cityscape Corp.[1] Second mortgage is totally unsecured; cramdown; Cityscape Corp. to cancel its mortgage/lien of record at discharge of Debtors and closing of Debtors' case." (footnote added). On November 18, 1999, Litton filed an objection to confirmation of Debtors' plan. A confirmation hearing was held on February 10, 2000, at which time Litton's objection was taken under advisement. Thereafter, on February 17, 2000, Debtors filed an amended chapter 13 plan which proposed to treat Litton's claim as follows, "[h]olders of secured claims shall retain the liens securing such claims and shall be paid as follows: $0—Cityscape Corp. or Litton Loan Servicing their successors and assigns; second mortgage is totally unsecured, cramdown; Cityscape Corp. to cancel its mortgage/lien of record." Litton filed an objection to confirmation of Debtors' amended plan. On April 7, 2000, we entered an Order reserving our decision on Litton's objection to confirmation of Debtors' amended plan pending receipt of a brief to be filed by the chapter 13 Trustee. Thereafter, at the parties request, we entered an Order on May 5, 2000 permitting counsel for Debtors and counsel for Litton to file briefs in response to the Trustee's brief. All briefs have now been filed and the matter is ready for disposition.

■ The first issue raised by Debtors is whether Litton has standing to object to confirmation in light of the fact that Litton's proof of claim was disallowed by this court as untimely filed. As explained below, we find that Litton does have standing to object to confirmation despite the fact that its proof of claim was disallowed as untimely filed.

We begin our analysis of this issue by reviewing the pertinent terms of the Bankruptcy Code. Specifically, section 1324 of the Bankruptcy Code, 11 U.S.C. § 1324, provides that "[a]fter notice, the court shall hold a hearing on confirmation of the plan. A party in interest may object to confirmation of the plan." Hence, the question of whether Litton has standing to object to confirmation hinges on whether it is a "party in interest." At first glance, it seems obvious that Litton, as the holder of a lien which the amended plan purports to cramdown and avoid, is a "party in interest." However, Debtors argue that Litton is not a "party in interest" because its claim was disallowed. The chapter 13 Trustee and Litton maintain that the fact that a secured creditor's claim is disallowed as having been untimely filed does not affect the standing of the secured creditor to object to confirmation of a chapter 13 plan which purports to cramdown and avoid the secured creditor's lien. We agree with the position espoused by the chapter 13 trustee and Litton.

■ We first note that our February 2, 2000 Order disallowing Litton's claim does not address the substance of Litton's claim and does not call into question the validity of Litton's lien. Instead, this Order simply disallows Litton's claim solely because it was filed late. Hence, entry of our February 2, 2000 Order in no way impacts the validity of Litton's lien and places Litton in no worse a position than any other secured creditor who fails to file a proof of claim. *Matter of Tarnow*, 749 F.2d 464, 465–67 (7th Cir.1984); *Bisch v. United States (In re Bisch)*, 159 B.R. 546, 548–50 (9th Cir. BAP 1993). Since the failure of a secured creditor to file a proof of claim will not result in the loss of the creditor's lien and generally speaking, after the bankruptcy case is concluded, the creditor may pursue the collateral to satisfy its lien, *Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 187–88 (3rd Cir. 1987); *Tarnow*, 749 F.2d at 465–67; *Mat-*

---

1. Litton is the successor in interest to Cityscape Corporation.

*ter of Baldridge,* 232 B.R. 394, 395–96 (Bankr.N.D.Ind.1999); *Bisch,* 159 B.R. at 548–50; *see also* 11 U.S.C. § 506(d)(2), such a secured creditor would be a "party in interest" and would have standing to object to confirmation of a debtor's plan which purports to cramdown and avoid the secured creditor's lien. Likewise, Litton, which is in the same position as a secured creditor who failed to file a proof of claim, *see Tarnow,* 749 F.2d at 465–67; *Bisch,* 159 B.R. at 548–50, is a "party in interest" and has standing to object to confirmation of Debtors' amended plan.

■ We next turn to the substance of Litton's objection to confirmation. Litton objects to confirmation of Debtors' amended plan because it purports to cramdown and avoid Litton's lien. Debtor never filed a motion to determine the value of Litton's lien under 11 U.S.C. § 506(a) or a complaint to avoid Litton's lien under 11 U.S.C. § 506(d) and Litton maintains that a debtor may not use the plan confirmation process to cramdown and/or avoid a lien. The chapter 13 Trustee concurs in this position and for the reasons that follow, we agree.

We first examine the relevant provisions of the Bankruptcy Rules. In particular, the following three Bankruptcy Rules are relevant. Bankruptcy Rule 7001(2) provides as follows: "An adversary proceeding is governed by the Rules of this Part VII. The following are adversary proceedings: ... (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)."[2] Fed.R.Bankr.P. 7001(2). Bankruptcy Rule 3007 states, in pertinent part, that "[a]n objection to the allowance of a claim shall be in writing and filed.... If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Fed. R.Bankr.P. 3007. *See also Collier on Bankruptcy,* 15th Ed.Rev. ¶ 3007.09[1] at 3007–2, n. 6 (which provides that the objecting party then becomes the plaintiff) and ¶ 7001.03[1] at 7001–10. Finally, Bankruptcy Rule 3012 provides that "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." Fed.R.Bankr.P. 3012.

While all three of these Rules deal with the procedural intricacies of instituting an action to determine the extent, validity and/or priority of a lien and the amount of a secured claim, none of these Rules permit such actions to be commenced by way of the plan confirmation process. *See Collier on Bankruptcy,* 15th Ed.Rev. ¶ 7001.03[1] at 11 (which provides that a lien may not be invalidated as part of a plan of reorganization). Instead, the Rules require that a proceeding to determine the extent, validity or priority of a lien be instituted by complaint. Fed. R.Bankr.P. 7001(2). If an objection to claim is filed which includes a request for a determination of the extent, validity or priority of a lien, the Rules provide that the objection to claim proceeding becomes an adversary proceeding. Fed.R.Bankr.P. 3007. If a debtor seeks a determination of the value of a secured claim, he must file a motion pursuant to Fed.R.Bankr.P. 9014. Fed.R.Bankr.P. 3012. Such a motion, however, would deal only with valuation of the secured claim under section 506(a), it would not involve avoidance of the underlying lien or a determination of the validity, extent or priority of the underlying lien. *See Collier on Bankruptcy,* 15th Ed. Rev., ¶ 7001.03[1] at 7001–10–12. As ex-

---

**2.** Fed.R.Bankr.P. 4003(d) deals with proceedings to avoid liens under 11 U.S.C. § 522(f) and provides that such proceedings shall be instituted by motion pursuant to Fed. R.Bankr.P. 9014. As it does not appear that Litton is the holder of a judicial lien or a nonpossessory, nonpurchase-money security interest in the items specified in section 522(f)(2)(i), (ii) or (iii), section 522(f)(1) does not appear to be implicated in this case.

plained in the Committee Notes to Fed. R.Bankr. 3012:

> Pursuant to § 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts, *e.g.* to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive notice.
>
> An adversary proceeding is commenced when the validity, priority or extent of a lien is at issue as prescribed by Rule 7001. That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above.

Our holding today that a debtor may not cramdown and avoid a secured creditor's lien through the plan confirmation process without first taking an "affirmative step" such as filing an adversary complaint to avoid the lien or filing an objection to the secured creditor's proof of claim, which, if the objection seeks a determination of the validity, priority or extent of the creditor's lien, will become an adversary proceeding, *see* Fed.R.Bankr.P. 3007, has support in the caselaw, *see Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 92–94 (4th Cir.1995); *Sun Finance Co., Inc. v. Howard (Matter of Howard),* 972 F.2d 639, 641–42 (5th Cir.1992); *Foremost Fin'l. Serv. Corp. v. White (In re White),* 908 F.2d 691 (11th Cir.1990); *Simmons v. Savell (In re Simmons),* 765 F.2d 547, 552–59 (5th Cir.1985); *In re McKay,* 732 F.2d 44, 45–48 (3rd Cir.1984); *Wright v. Commercial Credit Corp.,* 178 B.R. 703, 705 (E.D.Va.1995); *Bisch,* 159 B.R. at 548–50; *Fireman's Fund Mortgage Corp. v.*

*Hobdy (In re Hobdy),* 130 B.R. 318, 320–21 (9th Cir. BAP 1991); *Spadel v. Household Consumer Discount Co. (In re Spadel),* 28 B.R. 537, 539–40 (Bankr.E.D.Pa.1983), *see also In re Siciliano,* 167 B.R. 999, 1017 (Bankr.E.D.Pa.1994); *Owens v. Fleet Mortgage (In re Owens),* 132 B.R. 293, 296–97 (Bankr.E.D.Pa.1991), and is derived from both a literal reading of the Bankruptcy Rules and a concern for protecting the due process rights of the secured creditor. While we recognize that some courts have permitted debtors to cramdown and avoid a secured creditor's lien solely through the plan confirmation process, *see Lee Servicing Co. v. Wolf (In re Wolf),* 162 B.R. 98, 106–08 (Bankr. D.N.J.1993); *see also In re Dennis,* 230 B.R. 244 (Bankr.D.N.J.1999), we disagree with this approach and decline to follow it.

For all of the reasons outlined above, we sustain Litton's objection to confirmation of Debtors' amended plan. An appropriate Order follows.