**In re Sandra Grace GEIGER, Debtor.**

No. 98–24461T.

United States Bankruptcy Court, E.D. Pennsylvania.

March 22, 2001.

*Centifanti v. Nix,* 865 F.2d 1422, 1430 (3d Cir.1989)).

Dimitri L. Karapelou, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, for Movant, Associates Home Equity Consumer Discount Company.

Eric L. Leinbach, Easton, for Debtor, Sandra Grace Geiger.

Polly Langdon, Reading, trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Before the court is the motion filed by Associates Home Equity Consumer Discount Company ("Movant")[1] requesting relief from the automatic stay under 11 U.S.C. § 362(d)(1). Movant seeks relief from the automatic stay so that it may pursue its *in rem*, state court foreclosure rights against the collateral arguing that its lien survived the plan confirmation process and that its interests are not adequately protected. Because we find that Movant's lien survived the plan confirmation process and that Movant's interests are not adequately protected, we grant Movant's motion.

The parties stipulated to the following facts. Prior to Debtor's bankruptcy filing, Movant provided financing to Debtor and Joyce A. Geiger ("Joyce") in the principal amount of $85,015.61. A Note was executed by Debtor and Joyce in this principal amount on or about October 29, 1993 and, on this same date, Debtor and Joyce granted a mortgage to Movant on real property which is Debtor's principal residence. Movant recorded this mortgage with the Recorder of Deeds of Northampton County. Debtor and Joyce defaulted on the loan and on or about December 8, 1995, Movant obtained a mortgage foreclosure judgment against Debtor and Joyce in the amount of $98,258.44 plus continually accruing interest, costs and fees. Debtor filed this chapter 13 petition on September 10, 1998 and Debtor has not made any payments to Movant since February of 1999.

Additionally, Debtor's schedules list Ford Consumer Discount Company ("Ford")(now known as Associates Home Equity Consumer Discount Company,

---

1. Movant was formerly known as Ford Con- sumer Discount Company.

Movant herein) as the holder of a secured claim in the amount of $98,258. Debtor's schedules also list the value of Movant's collateral (i.e., Debtor's residence) as $85,000. Moreover, the record reflects that a section 341 meeting of creditors was held on October 27, 1998 at which time Debtor and her attorney confirmed with the chapter 13 Trustee that Debtor would pay the monthly post-petition mortgage payments directly to Ford, now Movant herein. *Transcript*, Section 341 meeting held October 27, 1998 at 3. At the time of the section 341 meeting, Debtor had made the October 1998 payment to Movant. *Id.* Movant did not file a proof of claim in this case.[2] On or about March 11, 1999, Debtor filed an amended chapter 13 plan which contained the following language:

> Holders of allowed secured claims shall retain the liens securing such claim and shall be paid as follows:
>
> NOTE: Debt owed to Associates Equity Service Co. is contingent, unliquidated and disputed, ANY LIEN ALLEGED OR EXISTING OF ANY KIND, TYPE OR NATURE TO BE CANCELED OF RECORD AT DISCHARGE OF DEBTOR AND CLOSING OF DEBTORS CASE. Debtors to maintain post petition taxes and insurance on real property * * continued—$0 to Ford Consumer Discount Co.; any lien to be canceled of record at discharge of debtor and closing of debtors case.

Movant did not object to confirmation of Debtor's amended plan and Debtor's amended plan was confirmed on or about April 9, 1999. As stated earlier, Debtor has not made post-petition mortgage payments to Movant since February of 1999. Hence, Movant filed the motion for relief from the automatic stay which is presently before us for decision.

 We begin our analysis by noting that a debtor may not cramdown and/or avoid a secured creditor's lien through the plan confirmation process but rather must first take the "affirmative step" of filing an adversary complaint to avoid the lien under 11 U.S.C. § 506(d) and Fed. R. Bankr.P. 7001(2) or filing an objection to claim which contains a request to determine the extent or validity of the lien and which would then become an adversary proceeding pursuant to Fed. R. Bankr.P. 3007, *In re Kressler*, 252 B.R. 632, 634–35 (Bankr.E.D.Pa.2000)[3]; *see also Cen–Pen Corp. v. Hanson*, 58 F.3d 89, 92–94 (4th Cir.1995); *Sun Finance Co., Inc. v. Howard (Matter of Howard)*, 972 F.2d 639, 641–42 (5th Cir.1992); *Foremost Fin'l. Serv. Corp. v. White (In re White)*, 908 F.2d 691, 694 (11th Cir.1990); *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552–59 (5th Cir.1985); *In re McKay*, 732 F.2d 44, 45–8 (3rd Cir.1984); *Ruxton v. City of Philadelphia*, 246 B.R. 508, 511 (E.D.Pa.2000)(where confirmed plan makes no provision for secured creditor's claim, the claim passes through the bankruptcy case unaffected); *Wright v. Commercial Credit Corp.*, 178 B.R. 703, 705–06 (E.D.Va.1995), *appeal dismissed*, 77 F.3d 472 (4th Cir.1996); *Bisch v. United States*

---

2. It is well established that "the holder of a secured claim need not file a proof of claim at all, but instead may elect to have its lien pass through a bankruptcy case unaffected." *Ruxton v. City of Philadelphia*, 246 B.R. 508, 511 (E.D.Pa.2000)(*citing Ruxton v. City of Philadelphia*, 240 B.R. 211, 214 (Bankr.E.D.Pa. 1999)).

3. As we recognized in *Kressler*, 252 B.R. at 635, some courts have permitted debtors to cramdown and avoid a secured creditor's lien solely through the plan confirmation process, *see Lee Servicing Co. v. Wolf (In re Wolf)*, 162 B.R. 98, 106–08 (Bankr.D.N.J.1993); *see also In re Dennis*, 230 B.R. 244 (Bankr.D.N.J. 1999). However, as we stated in *Kressler*, 252 B.R. at 635, we disagree with this approach and decline to follow it.

(*In re Bisch* ), 159 B.R. 546, 548–50 (9th Cir. BAP 1993); *Fireman's Fund Mortgage Corp. v. Hobdy* (*In re Hobdy* ), 130 B.R. 318, 320–21 (9th Cir. BAP 1991); *Matter of Beard*, 112 B.R. 951, 954–56 (Bankr.N.D.Ind.1990); *Spadel v. Household Consumer Discount Co.* (*In re Spadel* ), 28 B.R. 537, 539–40 (Bankr.E.D.Pa. 1983). In the case before us, Debtor did not take such an affirmative step and did not file an adversary complaint to avoid Movant's lien under section 506(d) and Fed. R. Bankr.P. 7001(2) or an objection to proof of claim. Hence, to the extent that Debtor's confirmed plan purported to avoid, cancel, reduce or in any other way modify Movant's judgment lien, it was ineffective and Movant's judgment lien survived the confirmation process.[4] *Id.* As Debtor's confirmed plan does not provide for Movant's secured claim or lien,[5] *In re*

*Lee*, 182 B.R. 354, 355–56 (Bankr.S.D.Ga. 1995); *see Cen–Pen Corp.*, 58 F.3d at 94; *Sears Roebuck and Co. v. Burgess* (*In re Burgess* ), 163 B.R. 726 (Bankr.M.D.Pa. 1993); *In re Bradshaw*, 65 B.R. 556, 559 (Bankr.M.D.N.C.1986); *In re Hines*, 20 B.R. 44, 49 (Bankr.S.D.Ohio 1982), confirmation of Debtor's amended plan did not extinguish Movant's lien or its *in rem* rights, *Cen–Pen Corp.*, 58 F.3d at 93–4; *Howard*, 972 F.2d at 641–2; *White*, 908 F.2d at 694; *Simmons*, 765 F.2d at 554–59; *McKay*, 732 F.2d at 45–8; *Ruxton*, 246 B.R. at 512; *Wright*, 178 B.R. at 705–06; *Bisch*, 159 B.R. at 548–50; *Hobdy*, 130 B.R. at 320–21; *Kressler*, 252 B.R. at 635; *Beard*, 112 B.R. at 954–56; *Spadel*, 28 B.R. at 539–40, and Movant may seek relief from the automatic stay in order to satisfy the debt owed to it by Debtor from its lien.[6] *Lee*, 182 B.R. at 358 (Bankr. S.D.Ga.1995); *see also Howard*, 972 F.2d

4. Since Debtor cannot avoid Movant's lien through the plan confirmation process, the fact that Debtor's amended plan was confirmed does not result in Movant's lien being avoided or in Movant being barred by the doctrine of collateral estoppel or the doctrine of res judicata from prosecuting the motion presently before us or from attempting to enforce its lien. *Cen–Pen Corp.*, 58 F.3d at 93; *Howard*, 972 F.2d at 641–42; *White*, 908 F.2d at 694; *Simmons*, 765 F.2d at 552–59; *McKay*, 732 F.2d at 45–48; *Bisch*, 159 B.R. at 548–50; *Hobdy*, 130 B.R. at 320–21; *Beard*, 112 B.R. at 954–56; *Spadel*, 28 B.R. at 539–40.

5. Debtor alleges in her schedules that the collateral has a fair market value of $85,000, *see Stipulation of Facts*, ¶ 6, yet Debtor's confirmed plan proposes to pay nothing to Movant. As such, Debtor's confirmed plan does not provide for Movant's secured claim or lien. *Lee*, 182 B.R. at 355–56.

6. We note that the case before us is distinguishable from *Branchburg Plaza Assoc., L.P. v. Fesq* (*In re Fesq* ), 153 F.3d 113 (3rd Cir. 1998), *cert. denied* 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999) and *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989) since both of those cases dealt only with motions to

vacate and/or revoke confirmation orders, an issue which is not before us in the present case since no such motion has been filed in this case and this case involves only Movant's motion for relief from the automatic stay. Moreover, the case before us is also distinguishable from *Szostek* in that the confirmed plan in *Szostek* did not purport to bifurcate the secured creditor's claim or avoid the secured creditor's lien. Instead, the debtors in *Szostek* had filed a separate objection to the secured creditor's proof of claim in which they sought bifurcation. As such, the Third Circuit in *Szostek* was not faced with the issue of and did not address whether the confirmed plan impermissibly sought to bifurcate the secured creditor's claim and/or avoid its lien or whether the secured creditor's lien survived the confirmation process, issues which we address today. Furthermore, we note that while the confirmed plan in *Fesq* did purport to cramdown the secured creditor's claim, the decision in *Fesq* addressed only the narrow issue of whether the confirmation order should be vacated or revoked, an issue which is not presently before us, and did not address the questions of whether the secured creditor's lien survived the confirmation process or whether the secured creditor was entitled to relief from the automatic stay. For all of these reasons, we find that both the *Fesq* and

*Szostek* decisions are inapposite to our decision today and are not controlling.

In addition, we note that the case before us is distinguishable from the facts which were before the Third Circuit Court of Appeals in *Coffin v. Malvern Fed'l Savings Bank*, 90 F.3d 851 (3rd Cir.1996). To explain, while the Bankruptcy Court in *Coffin* was faced with a motion for relief from the automatic stay filed by the Bank, the language contained in the Bankruptcy Court's opinion in *Coffin* that the Bank's lien survived the bankruptcy discharge was dictum and was not necessary to the decision. The Bankruptcy Court in *Coffin* had concluded that the Bank, which had filed a proof of claim, was bound by the debtor's confirmed plan and that since the debtor was not in default on his plan payments, relief from the stay was inappropriate. The Bankruptcy Court then went on to state that the Bank's lien was not discharged by the chapter 13 proceeding and that the Bank would be free to exercise its state law remedies upon lifting of the stay at the conclusion of the case or sooner. *Id.* at 853 (*citing* Bankruptcy Court Opinion at 7). On appeal, the Third Circuit found that the Bankruptcy Court's statement to the effect that the Bank's lien survived the bankruptcy discharge was an advisory opinion since this issue was not before the Bankruptcy Court for adjudication and therefore, the Bankruptcy Court's statement on this issue was not necessary to the decision being rendered by the Bankruptcy Court and would not have a judicial effect on the outcome of any future litigation between the parties. *Id.* at 853–54. The case before us is different, however since, unlike the secured creditor in *Coffin*, Movant did not choose to file a proof of claim or participate in this bankruptcy case and, therefore, Movant is not bound by the confirmed chapter 13 plan. In addition, unlike the fact scenario before the Bankruptcy Court in *Coffin*, the question of whether Movant's lien survived the plan confirmation process is the main issue being disputed by the parties, is the centerpiece of Movant's argument that its interests are not adequately protected and is the main issue before us for adjudication. In other words, in order for us to determine whether Movant's interests are adequately protected and whether Movant is entitled to relief from the stay, we must first decide whether Movant's lien survived the plan confirmation process. Therefore, our determination today that Movant's lien survived the plan confirmation process is necessary and critical to our rendering a decision on Movant's section 362(d)(1) motion and constitutes our holding in this case in contrast to the advisory opinion rendered by the Bankruptcy Court in *Coffin*.

Finally, we note that the case before us is also distinguishable from *In re Frace*, Case No. 96–22625T (Bankr.E.D.Pa. September 3, 1998) in that the confirmed plan in *Frace* provided for the secured creditor's claim by paying it $4325.15 (which, albeit was a substantially reduced amount from the $125,110.48 amount of the secured claim as filed by the secured creditor), whereas the confirmed plan in the case presently before us proposes to pay nothing to Movant and hence does not provide for Movant's secured claim or lien. Furthermore, unlike Movant herein which chose not to participate in this bankruptcy action and chose not to file a proof of claim, the secured creditor in *Frace* did file a proof of claim. In addition, we decided *Frace* in an unpublished Order and to the extent that we refused to follow the rationale adopted by the Fifth Circuit Court of Appeals in *Sun Finance Co., Inc. v. Howard* (*Matter of Howard*), 972 F.2d 639, 641–42 (5th Cir. 1992) as being inconsistent with the Third Circuit Court of Appeals' decisions in *Fesq* and *Szostek*, we now reexamine that decision, and having the benefit of extensive briefing in the case presently before us, we now arrive at a different conclusion. Rather, as noted above, we now conclude that both *Fesq* and *Szostek* are distinguishable from the case before us today and are not controlling. Finally, to the extent that *Frace* involved an attempt by the debtor to bifurcate the secured creditor's claim or avoid its lien through the plan confirmation process without first filing an adversary complaint to avoid the lien or an objection to proof of claim which, if it contained a request to determine the extent or validity of the lien, would become an adversary proceeding, *see* Fed. R. Bankr.P. 3007, we now determine that such a plan is ineffective and that the secured creditor's lien will survive confirmation. In such a situation, the secured creditor would not be bound by the terms of the confirmed plan to the extent that the creditor desired to enforce its lien and the creditor would be entitled to relief from the automatic stay if it could establish either that cause existed to grant relief under 11 U.S.C. § 362(d)(1) or that no equity existed in the collateral and that the collateral was not necessary to an effective reorganization, 11 U.S.C. § 362(d)(2).

at 642. *Burgess,* 163 B.R. at 730. This is consistent with the well established rule that "the holder of a secured claim need not file a proof of claim at all, but instead may elect to have its lien pass through a bankruptcy case unaffected," *Ruxton,* 246 B.R. at 511 (*citing Ruxton v. City of Philadelphia,* 240 B.R. 211, 214 (Bankr.E.D.Pa. 1999)), which is precisely what Movant did in the case before us. This is also consistent with the long established rule that although a debtor's personal liability on an underlying debt may be discharged in bankruptcy, the lien created prior to the bankruptcy to secure the debt will survive the bankruptcy discharge and may be enforced by the creditor either following relief from the automatic stay while the bankruptcy case is still pending and the stay is in place or after the bankruptcy case is closed. *See Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 188 (3rd Cir.1987); *In re Vandy, Inc.,* 189 B.R. 342, 349 (Bankr.E.D.Pa.1995).

We now turn to the merits of Movant's section 362(d)(1) motion for relief from the automatic stay. We first note that in her schedules, Debtor lists the value of the collateral as $85,000. *Stipulation of Facts,* ¶ 6. In addition, the parties stipulated that Movant holds a foreclosure judgment in the amount of $98,258.44. *Stipulation of Facts,* ¶¶ 4, 6. As the amount of Movant's foreclosure judgment exceeds the value of the collateral, it is clear that Debtor lacks equity in the collateral. The parties also stipulated that Debtor has not made a payment to Movant since February of 1999. *Stipulation of Facts,* ¶ 5. Given these facts, we conclude that Movant met its burden of establishing that its interests are not adequately protected and that "cause" exists to grant it relief from the automatic stay. *Lee,* 182 B.R. at 359; *see generally Howard,* 972 F.2d at 642; *Burgess,* 163 B.R. at 730.

Accordingly, we grant Movant's section 362(d)(1) motion.